## Thomas Mason *versus* Thomas Lord.

Where the plaintiff, one of four sureties on a promissory note, paid half of the amount
due upon it with funds of the principal, and the other half as administrator on the
estate of a co-surety, and this last sum was finally allowed him in the settlement of
his administration accounts, it was *held* that he had no claim upon the other co-
sureties for contribution.

*Held* also, that in an action brought in his own name against one of such other co
sureties, he could not recover in his capacity of administrator ; and this, notwith-
standing he filed an instrument claiming to recover in trust for the heirs of his
intestate, and binding himself to pay to them the sum which should be recovered,
provided he was not entitled to receive it to his own use.

Assumpsit for money paid by the plaintiff at the request
and for the use of the defendant.

The action was brought to enforce contribution from the
defendant to the payment of a promissory note, dated July 26,
1824, signed by Ebenezer Warner, as principal, and Rufus
Stratton, Elihu Phelps, and the parties to this action, as sure-
ties, payable to Anna Marsh, for the sum of 1500 dollars and
interest.

The case was tried at the April term, before *Morton* J.,
having previously been referred to Charles E. Forbes, Esq. ;
and the facts were detailed in the reports of the judge and the
auditor.

It appeared that the note had been paid by the plaintiff, and
that his payments, together with the interest thereon, on De-
cember 7, 1832, (in reference to which time the account was
stated by the auditor,) amounted to \$2006·31.

The defence was, that on March 15, 1828, Warner, the
principal, assigned property to the plaintiff, to be applied to
the payment of the note, and that such property, added to the
sum since received by the plaintiff from the estate of Strat-
ton, had been a full indemnity to the plaintiff.   Stratton died
before the payment of the note, and the plaintiff administered
on his estate, which was solvent.

The plaintiff insisted, that after a proper application of the
proceeds of the property assigned to him by Warner, there
was still a deficiency, for one fourth of which the defendant
was liable.

The auditor reported, that after appropriating the property

Mason
v.
Lord.

of Warner in pursuance of the assignment, there was a loss of $354·05 upon the note in suit ; showing that the defendant was liable for contribution to the plaintiff, in one fourth of that sum, viz. $88·51 ; but that the plaintiff had received of the estate of Stratton, on account of this note, the sum of $791·30, the interest on which to December 7, 1832, was $69·39, amounting to $860·69, and which sum he was not compellable to repay : so that upon this hypothesis, he had in his hands, on December 7, 1832, $506·63 over a full indemnity on the note.

The plaintiff, in his second account as administrator on the estate of Stratton, charged " cash paid Anna Marsh, being one half of a note given by E. Warner and R. Stratton, and T. Mason, sureties with two others who are insolvent, $791·30." This charge was allowed in the Court of Probate. Afterwards, upon a settlement of the plaintiff's third account, which was contested by the parties in interest and referred to an arbitrator, the above item of allowance to his credit was confirmed. The question whether it ought to be allowed as between these parties, was by the auditor referred to the Court.

At the trial the plaintiff offered an instrument under his hand and seal, as follows : " In this action the said Mason claims to recover against the said Lord his aliquot part of a certain note," (describing the note in question,) " in trust for the use and benefit of the heirs of the estate of Rufus Stratton, provided the Court should be of opinion that the plaintiff is not entitled to recover the same to his own use ; and should such be the opinion of the Court, the said Mason hereby binds himself, his heirs, executors and administrators, to pay the same to the heirs of said Stratton."

There being no question of fact between the parties, the jury, by consent, rendered a verdict for the defendant, subject to the opinion of the full Court.

Sept. 25th.    *Brooks*, for the plaintiff, contended, that the funds furnished by the principal having been insufficient to pay the note, and the balance having been paid by the plaintiff, the other sureties thereby became liable to pay to the plaintiff each one fourth part of such balance, and that if the plaintiff had received from

Stratton's estate more than one fourth, the defendant could not take advantage of it ; it was a matter between the plaintiff and Stratton's heirs, to whom, if to any one, the plaintiff was responsible. *Bachelder* v. *Fiske*, 17 Mass. R. 470 ; 4 Hawks's R. 358 ; *Swain* v. *Wall*, 1 Chan. Rep. 80 ; *Deering* v. *Winchelsea*, 2 Bos. & Pul. 270 ; *Cheesebrough* v. *Millard*, 1 Johns. Ch. R. 415 ; *Peck* v. *Ellis*, 2 Johns. Ch. R. 136, 137 ; *Hyde* v. *Tracy*, 2 Day, 492.

*Wells* and *Alvord*, for the defendant, cited to the point, that the principle of contribution among sureties arises out of the equity of the thing, and not from contract, *Dering* v. *Winchelsea*, 1 Coxe's Eq. R. 318 ; *S. C.* 2 Bos. & Pul. 270 ; *Campbell* v. *Mesier*, 4 Johns. Ch. R. 334 ; 1 Story's Equity, 471, 472, and cases there cited ; and that security taken of the principal by one of the sureties will enure to the benefit of them all, *Bachelder* v. *Fiske*, 17 Mass. R. 464 ; *Low* v. *Smart*, 5 N. Hampsh. 353 ; *Swain* v. *Wall*, 1 Chan. R. 80 ; Theobald on Princ. & Surety, 267 ; *Knight* v. *Hughes*, 3 Carr. & Payne, 467. The plaintiff paid half the amount of the note as administrator of the estate of Stratton, and if the defendant is liable for contribution, it is to that estate.

SHAW C. J. delivered the opinion of the Court. The action of assumpsit for contribution is founded purely upon equitable principles. It proceeds upon the broad ground, that when two or more are subject to a loss or burden common to all, and one bears the whole or a disproportionate part, it lays an equitable claim for contribution, from those who are thereby proportionably relieved. But it follows, as a necessary consequence, that when the party claiming has been reimbursed and has sustained no loss, this principle of equity does not apply. From all the facts in the case, the Court are satisfied that the plaintiff has been fully reimbursed for all payments made by him, as surety for Warner to Anna Marsh, from funds provided for his relief, that he has in fact sustained no loss, and that this action against his co-surety cannot be maintained.

At the trial of this cause at the last term, the plaintiff filed a paper, reciting the circumstances under which this action is brought, and claiming to recover the sum demanded, for the

Mason
*v.*
Lord.

*Sept* 28*th*

Mason
*v.*
Lord.

use and benefit of the heirs of the estate of Rufus Stratton, provided the Court should be of opinion, that he is not entitled to receive the same to his own use.

This is a novel experiment, an attempt to convert an action in his own name and in his own right, into an action in his representative capacity, and that only hypothetically. In the first place, this would require the Court to settle a question between the plaintiff and another party not before the Court.

But further, such a proceeding would produce a confusion of rights, duties and remedies, unfavorable to simplicity and clearness in the administration of justice. Suppose one cause of action in his own right, and another in favor of the estate he represents ; can he join them ? If so, how should he declare ; in his own name, or as administrator ? How should the judgment be rendered ? What would be his liability to account in his probate settlements ? Besides, what would amount to a perfect defence to a cause of action in his own right, would be no defence to an action by the representative of the estate of one deceased. A defendant might be led into a long and expensive litigation, making a good and successful defence against one cause of action, and then be taxed with the costs, on another cause of action, set up by the plaintiff in his representative capacity, which if originally put forth he might never have resisted. The claim to recover, in this stage of the cause, in his own name, for the use of the estate of which he is administrator, if not entitled in his own right, such claim in his own right not being relinquished, is, in every view, wholly inadmissible. If the plaintiff is still the administrator of Stratton's estate, the judgment in this case will be no bar to an action gainst the defendant.

*Judgment on the verdict.*