## Hosmer, Admr., v. Burke.

1. **Parties:** PARTNERSHIP: JOINT MAKERS. Where one of the partners of a firm which was a joint maker of a note died, and the note was filed as a claim against the deceased partner's estate, allowed and paid by his administrator, it was *held*, in an action against an individual co-maker of the note, for contribution, that the action was properly commenced in the name of the administrator rather than in that of the surviving partner.

2. **Evidence:** WHERE ADVERSE PARTY IS ADMINISTRATOR. A party is not allowed to testify under section 3980 of the Revision, where the adverse party is the executor or administrator of a deceased person, as to facts which transpired before the death of such person.

3. —— PARTNERSHIP. Nor is the rule varied by the fact, that the matters sought to be proved by the witness are connected with the transactions of a firm of which the deceased was a member, and that the surviving partner is a witness for the administrator.

4. **Partnership:** JOINT MAKERS. Where a firm and an individual are joint makers of a promissory note, the firm is to be considered as one person, and it and the individual co-maker are each liable for one-half the debt as between themselves.

5. —— CONTRIBUTION. And if in such case one of the members of the firm, or his administrator, pays the amount of the debt, he may sue the individual co-maker for contribution, and recover one-half the amount thus paid.

*Appeal from Lee District Court.*

THURSDAY, JANUARY 28.

On the 3d day of June, 1857, the firm of J. & C. T. McCune and defendant, Burke, executed their promissory note to J. A. Graham, for $2,490.80, payable in sixty days, without any stipulation as to interest thereon. Subsequent to the execution of this note, and in the year 1857, C. T. McCune died; plaintiff is his administrator.

In 1861, Graham filed a claim against the estate of C. T. McCune, in the County Court, based upon the note, and on the 18th of October, 1864, it was allowed. The amount allowed was $2,043.67. Graham, on the 8th of November, 1864, assigned the judgment, he had so recovered in the County Court, to H. W. Sample, and soon after the amount in full of the judgment was paid to the assignee by the administrator, out of the assets of the estate. There had been, prior to this judgment, many payments made upon the note by John McCune, one of the firm of J. & C. T. McCune, and by Burke. The amount paid by John McCune, however, was less than one-fourth part of the amount due, and the payments made by Burke were less than one-half.

After the death of C. T. McCune, defendant, Burke, and John McCune, executed a written agreement to Graham to pay ten per cent per annum interest on said note from maturity, and there is evidence tending to show, as it appears from other facts in the case, that interest at that rate is allowed in the said judgment of the County Court.

After the payment and satisfaction of the judgment in the County Court, there is evidence tending to show that Burke paid Graham on said claim $1,000, it having been discovered that, through mistake, the judgment was not

equal, by that amount, to the sum actually due, and that, in estimating the amount thereof, a credit had been twice allowed. This was not discovered until after Graham had assigned the judgment to Sample, and in that transaction the claim was estimated at the amount of the judgment, and so received by Sample and paid for accordingly.

This action is brought by Hosmer, as administrator of C. T. McCune, deceased, against Burke, to enforce contribution and recover the amount defendant should lawfully pay plaintiff, by reason of the payment, by the estate of said deceased, of a portion of said indebtedness which lawfully should be paid by defendant.

A verdict and judgment was rendered against defendant in the sum of $1,279.88. Defendant appeals.

*D. F. Miller* and *J. W. Rankin* for the appellant.

*P. T. Lomax* for the appellee.

BECK, J. — The errors assigned and the points discussed by appellant's counsel, are based upon the instructions to the jury, given and refused by the court, and upon the exclusion of the evidence of defendant Burke, as to certain facts proposed to be proved by him in his own behalf. We will proceed to notice them in the order they are presented in the counsel's printed argument. It will not be necessary to quote, in this opinion, the instructions given or refused; the points ruled will be understood, and time and space in the opinion will be spared by omitting so to do.

I. The first point made by appellant's counsel, is that the administrator of C. T. McCune is not the proper

1. PARTIES:
partnership:
joint makers.

party plaintiff, and that if the action can be maintained at all against defendant, it should

be prosecuted in the name of John McCune, surviving partner of the firm of J. & C. T. McCune.

The payment made by plaintiff was not out of the funds of the copartnership, but of the assets of the estate of C. T. McCune, deceased. Although the promissory note was executed by the firm, yet payment thereof could have been enforced to the full amount due, from either one of the partners, in an action against him alone. Rev. § 2764; *Ryerson* v. *Hendrie*, 22 Iowa, 481.

The payment was then made by plaintiff out of the assets of the estate, under a legal liability, which was enforced by judgment of a court having jurisdiction of the subject matter, and of the parties thereto. Of the sum so paid, defendant is legally bound to contribute his just proportion, as determined by the law. To whom must he contribute? To that one who paid for him the money which he is legally bound to contribute. It was not the firm of J. & C. T. McCune that paid it, but the plaintiff, as the administrator of the estate of C. T. McCune, deceased; he is, therefore, the proper party plaintiff in this suit. It is true that John McCune, as surviving partner, is the proper party to prosecute all actions to recover debts due the firm. But defendant, in this transaction, was not indebted to the firm; his indebtedness was to plaintiff. The fact that it arose out of a transaction wherein the firm was a debtor of another party, does not make the obligation of defendant to contribute an obligation to the firm. The payment to Graham was enforced from plaintiff individually and separately, so far as the firm is concerned; the contribution due from defendant is due to him in the same capacity. He is the real and only party interested in the claim against defendant, and the action is therefore well brought in his name.

II. The District Court excluded the testimony of

defendant, Burke, upon all matters originating prior to the death of C. T. McCune. This ruling is assigned for error. As we have seen, the subject matter of the action — the claim against defendant — was in no sense the property of the firm, but was the property of the estate of C. T. McCune, and the administrator is, therefore, the proper plaintiff. The defendant's evidence as to facts transpiring before the death of C. T. McCune was properly excluded under Revision, section 3982. The express language of this section, as well as its spirit, required the exclusion of the evidence. The plaintiff is the executor of a deceased person; the party whose evidence was offered is the defendant in the suit, and the evidence was in relation to matters transpiring before the death of such deceased person — the very conditions mentioned in the section to destroy the competency of the witness.

*2. EVIDENCE: where adverse party is administrator.*

The fact that the matters sought to be proved by the witness are connected with transactions of the firm, and that the surviving member of the firm was a witness, cannot have the effect to annul the express statutory provision. The interest of the surviving partner may have been identical with plaintiff. He is, however, not a party to the suit. That interest, whatever it may have been, without his being a party to the action had no effect to make the defendant a competent witness. It will be observed that the section above cited disqualifies the defendant as a witness to prove all facts transpiring before the death of the deceased person. It does not render him competent to testify to transactions bearing upon the matter in issue with persons other than the deceased. He is equally disqualified to testify to acts and transactions of others as to those of the deceased person, if they occurred before the death of plaintiff's decedent. Whatever may have been defendant's transactions with

*3. —— partnership.*

the firm, or with John McCune before the death of C. T. McCune, he is not a competent witness in this action to prove them.

III. The court directed the jury, in effect, that in determining the sums to be paid by the respective parties

4. PARTNER-SHIP: joint makers.

to the note, the firm of J. & C. T. McCune were to be considered as one person, one party, and was liable for one-half of the amount due in adjusting the matter with the defendant. The first part of the proposition seems to be substantially conceded by the respective counsel of the parties, but appellant's counsel deny the second part, and insist that it is erroneous. It seems to us that the second must inevitably result from the first part of the proposition. If the firm is, in fact, one maker of the note, and defendant is the other, they were, as between themselves, nothing appearing to the contrary, bound to pay equal portions of the amount thereof. This seems too obvious to require discussion.

IV. The jury, in effect, were directed, in order to ascertain the sum which plaintiff is entitled to recover

5. —— contri-bution.

from defendant, to deduct one-half the amount due upon the note at the date of the payment by plaintiff, from the sum of that payment added to the amounts which had been paid by John McCune, and the difference would be the measure of defendant's liability. Though expressed in different terms, the rule given in the instruction to guide the jury in ascertaining the amount of their verdict arrives at the same result as here expressed. To these instructions defendant objects, and insists they are erroneous.

As we have seen, the liability of defendant and the firm of J. & C. T. McCune upon the note was equal, each being liable for one-half of the amount due thereon. Whatever sum the partners paid was of course for the benefit of the firm, whether it was paid out of their

individual property or out of the assets of the firm. No payment by them can be presumed to have been intended for the benefit of defendant. The partners, as a firm, were to pay one-half of the debt. As to the amount of interest of each partner in the firm, the record discloses nothing, neither is that necessary to be known in order to arrive at a correct conclusion upon the question before us. As between the partners, the question of contribution and liability of each to the other, is not involved in this action, and by it defendant is in nowise affected. If one paid all of the debt, defendant is in no manner prejudiced thereby.

He is bound to pay one-half, and that portion for which he is liable will neither be increased nor diminished by the fact, that the partners pay individually, and unequal amounts. It can surely be a matter of no moment to defendant, to whom he pays the amount for which he is liable, provided such payment discharges that liability. As we have seen, his liability is to plaintiff, and it will be fully discharged upon payment thereof.

A statement of the case in terms somewhat simplified will give clearness to our views.

John McCune and plaintiff, as partners, are bound upon the note with defendant; the partners jointly between themselves and defendant, are liable for one-half the note, and defendant for one-half. The amount due upon the note is $2,000. McCune has paid upon it $100 and plaintiff $1,900. Now, if plaintiff recovers of defendant $1,000, which is the extent of his liability, plaintiff will still have paid $400 more than his part as between himself and McCune and must recover that sum from McCune. Defendant's theory permits plaintiff to recover of defendant only the sum of $950, and requires McCune to recover of defendant fifty dollars, and plaintiff of McCune $450, — a roundabout way, it

must be confessed, to arrive at the settlement of a very simple account between the parties. Among many apparent objections to the theory is the very serious one, that, in case of the insolvency of McCune, plaintiff would suffer gross injustice in the loss of the portion of the money recovered by McCune from defendant. And this very state of facts is disclosed by the record, John Mc-Cune appearing therein to be insolvent.

V. The jury were instructed to exclude from their calculation, in estimating the amount of their verdict, the sum of $1,000, paid by defendant, and allow him no credit therefor. The evidence tends to show, that, by a mistake in estimating the amount due upon the note, the judgment of the County Court was $1,000 less than the real amount due. In correction of this mistake, defendant made the payment. The ground upon which the court excluded this payment, seems to be the fact that the amount due was determined by the judgment of the County Court. This the court appears to have held conclusive upon all the parties, and to have considered that the amount could not therefore have been recovered from the parties to the note. The instruction, as well as the principles upon which an attempt is made to sustain it, are erroneous. The mistake could certainly have been corrected by proper legal proceedings, and the unpaid balance could have been collected from the maker of the note. The defendant was justified, therefore, in paying it. The $1,000, having been paid upon a liability that could have been enforced, should have been allowed as a credit to defendant in estimating the amount of his liability; that is, it should have been considered as a payment by defendant upon the debt, and taken into consideration in ascertaining the amount which plaintiff is entitled to recover from him as contribution. The instruction excluding this payment, was therefore erroneous.

No other questions are presented in the argument of defendant's counsel. The assignment of errors raises others, but they are not argued, and do not seem to be relied on by the counsel; we are not, therefore, required to examine them.

On account of the error above pointed out, the judgment of the District Court is reversed, and the cause remanded.

Reversed.