IN THE MATTER OF THE CLAIM OF CHARLES D. STEWART V. THE ESTATE OF ABNER C. BRUEN, DECEASED.

*Injunction bond—Liability of surety's estate.*

A bond for an injunction is a joint contract that after a surety's death will support a claim against his estate as if it were joint and several. Comp. L., § 4438.

A joint debtor cannot be compelled to wholly reimburse another who has paid the joint debt, unless as between themselves the latter is surety.

Error to Ingham. Submitted Oct. 29. Decided Oct. 31.

APPEAL from a probate order disallowing a claim against the estate of Abner C. Bruen, as surety on a bond in a proceeding to enjoin Stewart from proceeding at law against Arthur Bruen and Hiram J. Hanchett. Claimant brings error.

*M. V. & R. A. Montgomery* for plaintiff in error. At common law the estate of a decedent who had been jointly indebted with another and had shared in the consideration, was liable for the amount due, and the

claim could be enforced in equity, *Manning v. Williams,* 2 Mich., 106; 2 Dan. Neg. Inst., § 1298.

*H. B. Carpenter,* for defendant in error.   As between joint obligors equity assumed jurisdiction to declare the estate of a deceased joint party liable, on the principle that being legally liable while living and morally holden because of having received the consideration, it is assumed that through fraud, ignorance, mistake, want of skill or some accident the parties must have intended to bind themselves severally, *United States v. Price,* 9 How., 90; *Kennedy v. Carpenter,* 2 Whart. (Pa.) 344; *Carpenter v. Provoost,* 2 Sandf., 538; *Bradley v. Burwell,* 3 Den., 65; *Pickersgill v. Lahens,* 15 Wall., 143; *Sumner v. Powell,* 2 Meriv., 36; *Getty v. Binsse,* 49 N. Y., 385; *Risley v. Brown,* 67 N. Y., 160; an administrator cannot be sued at law on a joint instrument entered into by his intestate with another, *Osgood v. Spencer's Ex'r,* 2 Har. & G., 133; *Pike v. Dashiell's adm'r,* 7 Har. & J., 466.

CAMPBELL, C. J.   Arthur Bruen and Hiram J. Hanchett filed a bill in equity to restrain proceedings at law which had been begun by Stewart, and Abner C. Bruen signed a joint bond with them as their surety to obtain the injunction.   Judgment was finally given in Stewart's favor for $1276.79 damages and $28.20 costs, on the 4th of February, 1875.   Stewart presented his claim against Abner C. Bruen's estate, he having died, and the commissioners and the circuit court rejected it, on the ground that § 4438 of the Compiled Laws establishing joint contracts as joint and several, against deceased contractors, does not apply to sureties.

The statute is as follows:

"When two or more persons shall be indebted on any joint contract, or upon a judgment founded on a joint contract, and either of them shall die, his estate shall be liable therefor, and it may be allowed by the commissioners, as if the contract had been joint and several, or as if the judgment had been against him alone, and the other parties to such joint contract

may be compelled to contribute or to pay the same, if they would have been liable to do so upon payment thereof by the deceased."

There can be no doubt that the bond in question is a joint contract, and as such is within the language of the statute. It is equally plain that there can be no case where one joint debtor can be compelled to entirely reimburse another who has paid the joint debt, unless as between themselves one is a surety, and that the statute, therefore, must cover at least some cases against sureties and their estates.

If we should attempt to discriminate between joint debtors, and to say that some sureties jointly bound are not within the statute, our selection must be arbitrary, and we must put exceptions into the law which do not come within its language. We do not know how this can be done.

There is no particular equity against a creditor to deny the liability of the person on whom alone or chiefly he relied and had a right to rely when the obligation was made. In bonds like this the signing by a surety or sureties is indispensable, and an injunction could not issue without it. It is the surety and not the principal whom the law compels the creditor to be satisfied with. The responsibility of the principals is not examined into. That of the sureties must be determined before the bond can be allowed. If the death of a surety released his estate, the creditor might lose his whole claim, when, except for the surety's name on the bond the original suit could not have been stayed at all. This would not be just, and we cannot construe the plain language of the law, which is on its face opposed to such a construction, as intended to give no redress in such cases. It is always difficult to properly explain away the language of statutes on supposed equities, and nothing but an equity so strong as to indicate that it must have been intended to create an exception, will authorize such construction.

We think the claim was improperly rejected. The proceedings rejecting it must be reversed and the claim allowed at the amount of damages and costs, with interest from the rendition of judgment, and the allowance certified under the statute.

The other Justices concurred.