SAMUEL BRIGHT v. HAYNES LENNON and others.

*Co-Sureties—Action for Contribution—Notice.*

1. In an action by a surety of an insolvent guardian for contribution against other sureties, it is proper to include in the sum adjudged to be raised by contribution costs which were paid by plaintiff in an action against him as a condition for leave to plead the statute of limitations.

2. It is not necessary to entitle a surety to maintain an action for contribution that the amount of his liability which was paid by him should be fixed by a judgment.

3. The waiver or withdrawal of a plea of the statute of limitations by a surety in an action against him does not affect his right afterwards to maintain an action for contribution.

4. In an action for contribution by a surety against four different guardian bonds, with different penalties and different sureties, some solvent and some otherwise, it is not necessary that notice should be given before the action is brought.

BRIGHT v. LENNON.

(*Bell* v. *Jasper*, 2 Ired. Eq., 597 ; *Jones* v. *Hays*, 3 Ired. Eq., 502 ; *Jones*
    v. *Blanton*, 6 Ired. Eq., 115 ; *Street* v. *Com'rs*, 70 N. C., 644 ; *Craven*
    v. *Freeman*, 82 N. C., 361 ; *Sherrod* v. *Woodward*, 4 Dev., 360, cited
    and approved.)

CIVIL ACTION, heard upon exceptions to a referee's report
at Spring Term, 1880, of COLUMBUS Superior Court, before
.*Eure*, J.

In 1854, Robert McKackan became guardian to Thomas
F., James J., Luther, Archibald, Frances M., and Albert F.,
minor children of A. F. Toon, deceased, and qualified as
such by giving bond in the penalty of $30,000, with Absa-
lom Powell, Richard Wooten, Shadrack Wooten, Haynes
Lennon and D. F. Williamson as sureties. In November,
1857,.he renewed his bond in the penalty of $25,000, with
David George, sr., Richard Wooten, Haynes Lennon and D.
T. Williamson as sureties. In 1861, the guardian gave
another bond in the sum of $25,000, with James Smith,
John A. Maultsby and Josiah Maultsby as sureties thereon.
And in February, 1867, the said guardian executed his last
bond on behalf of but two of the wards, Albert Toon and
Francis M. Toon, (the others by this time being dead or of
full age) in the penalty of $6,000, with Josiah Maultsby and
the plaintiff, Samuel Bright, as sureties thereto. In 1875,
three actions were instituted on the last two bonds aforesaid,
to wit, the one dated in 1867, and the other executed in
1861, against McKackan, the guardian, and Samuel Bright
and John A. Maultsby, individually and as administrator
of Josiah Maultsby as sureties, one of said actions being on
the relation of Albert Toon, one on the relation of Archi-
bald Toon as administrator of Francis M. Toon, and the
other on relation of T. F. Toon as administrator of James J.
and Luther Toon, deceased, and on answer filed denying
any indebtedness to the wards and alleging a full settle-
ment had with them, it was referred to D. P. High to audit
and state and report to court the account of the guardian-

ship of the said McKackan. The referee filed his report at fall term, 1876, showing a balance of $2,014, to be due to Albert Toon, and $1,908 to be due to the estate of Frances M. Toon, deceased, and thereupon, on leave of the court, the sureties, Samuel Bright and John A. Maultsby, personally and as administrator of Josiah Maultsby, on the payment of the costs, then amounting to $141, required of them as a condition precedent, amended their answer by pleading the lapse of three years after the majority of the several relators before suit brought as a bar to the actions.

Afterwards, to wit, at fall term, 1877, on the minutes and records of the court, there appeared to be entries of judgment in the several actions about the regularity and validity of which there is controversy, for $1,300 in the case in favor of Albert Toon, for $500 in the case on the relation of Archibald Toon, administrator of Frances M. Toon, and $200 in the action brought on relation of T. F. Toon, administrator of James J. and Luther Toon, and pursuant to these entries, the guardian being insolvent, the sureties, Samuel Bright and John A. Maultsby as administrator of Josiah Maultsby, paid off the several sums, the said Bright paying his half of the recovery, namely, $1,000 to Albert Toon, and also one-half of the $141 of costs incurred by the leave to amend answer, and the said John A. Maultsby as administrator, paying $300, the balance due to Albert Toon, $500 in full of the sum recovered by Archibald Toon as administrator of Frances M. Toon, and $200 in full of the sum due to T. F. Toon as administrator of James J. and Luther Toon, and also his half of the costs aforesaid.

Upon the payment of these sums, the plaintiff brings the present action, (the guardian being insolvent,) against the solvent surviving sureties and the personal representatives of the solvent deceased ones, on all three of the guardian bonds anterior to the last one, seeking to have contribution from the several sets of sureties proportionally to the several

penalties thereof, and making his co-surety, John A. Maultsby, a party to the cause that he may have such relief as he may be entitled to in respect of the sums paid by him as administrator of Josiah Maultsby.

The defendant Maultsby, by his answer, claims contribution on account of the $1,070 paid out of the assets of his intestate, and the other defendants the sureties file answers and resist contribution on the allegation that the guardian had settled with and paid his wards in full, and so owed them nothing before plaintiff and his co-surety were sued, and on the further defence, that the plaintiff and his co-surety were not compellable to make the payment by reason of the statute of limitations which they had pleaded, and that they were not entitled to have contribution towards a sum recovered by their waiver or failure to insist upon the bar of the statute.

By consent of the parties, all the issues in the action were referred to W. S. Norment, Esqr., his findings of fact to be conclusive, and his report of the facts and conclusions of law thereon being filed, the defendants except thereto, and from the judgment of the court overruling the exceptions the appeal is taken.

*Mr. A. T. London*, for plaintiff.
*Mr. T. H. Sutton*, for defendants.

DILLARD, J., after stating the case. The only question for our consideration is the legal correctness of the referee's conclusions in point of law on the facts as found.

1. The first exception in substance is that the referee directed judgment to be entered against the sureties on the several bonds for their proportional parts, without first crediting the guardian against the sums due to the several relators for $1,500 found as a fact to have been paid to the wards before their actions were brought. The answer is

that the referee finds that the guardian was indebted to Albert Toon in $1,514, to Archibald Toon as administrator of Frances M. Toon $1,408, and to T. F. Toon as administrator of James J. and Luther Toon $65 each, at fall term, 1877, when the several judgments were entered; and by comparing the sums thus found due with the report of D. P. High, the referee in the suits of these two wards, it will be seen that the land conveyed by the guardian, valued by himself at $2,000, if divided and equally applied on the four shares sued for will precisely make the sums reported by Norment as due to Albert Toon and Frances Toon, and the same or nearly the same sums reported as due to James J. and Luther Toon. In this way the land which is the payment alluded to in the exception, may have been and most likely was applied in reducing the amounts below those found by D. P. High. However this may be, referee Norment finds the sums respectively due the wards at the rendition of judgment in their suits, and that is a mere question of fact not reviewable by us under the terms of the reference in this case, and therefore there was no error in overruling this exception.

2. This exception assigns error in that the referee included in the sum adjudged to be raised by contribution the sum of $141 paid by plaintiff and Maultsby, administrator of Josiah Maultsby, as a condition for leave to plead the statute of limitations. The sureties to the successive bonds of a guardian stand in the relation of co-sureties, one bond to the other or others, and are liable, in case of insolvency of the guardian, to contribution in proportion to the amount of the several penalties of the bonds given. The risk they take is a joint risk, and there is an implied engagement or obligation, each set of sureties with the other, to bear any loss which may fall on them proportionally as above stated ; or if it is borne by one class, to contribute by way of reimbursement. *Bell* v. *Jasper,* 2 Ired. Eq., 597 ; *Jones* v. *Hayes,* 3

Ired. Eq., 502. The costs incurred by one surety or one set of sureties are not always to be regarded as a loss borne to which in equity contribution may be had, but it would seem to depend on the prudence and *bona fides* of the defence by which they were incurred. As a general rule, upon the default and insolvency of a principal, a surety should answer for the default and not unnecessarily let cost be run up where the liability and amount thereof is clear. But where, as in this case, the guardian claimed to have settled with and paid the wards, it was prudent in plaintiff and Maultsby in regard to their own interests and as an act of justice to their co-sureties on other bonds, to incur costs to the point of developing how the fact of alleged settlement was, and to this effect are the authorities. Brandt on Suretyship, § 248; *McKinnon* v. *George,* 2 Rich. (S. C.) Eq., 15·; *Fletcher* v. *Jackson,* 23· Vt., 593. In our opinion the costs complained of were properly estimated in adjudging the sums to be contributed, for the result was that the wards recovered and would have recovered that sum any way.

3. The third exception is to the direction that judgment be entered against the defendants, for that the guardian had fully settled with his wards before the actions were brought. This is but a question of fact, and the referee having found as to it, no review can be had of his finding.

4. The fourth exception is, for that the referee should not have found that the entries on the judgment docket at fall term, 1877, constituted a judgment in law against the plaintiff and Maultsby. The referee found that judgment was rendered in the several actions of the wards, and in our view, it is immaterial whether they were or were not judgments in legal contemplation. The sureties had the right, on the default and insolvency of the principal, with or without a judgment to pay off the liability; and this right is implied from the obligation, which each set of sureties is under to the other, to protect against the defaults of the

principal.    Judgments, if formally and regularly taken, would not fix the liability of other sets of sureties not parties thereto, but at most they would only be evidence of the amounts paid, and here the fact of the amount due and also paid is fixed *aliunde.*    Brandt on Suretyship, § 246; 1 Greenl. Ev., § 527.

5.  The fifth exception is, for that plaintiff and defendant, after pleading the statute of limitations, waived the plea or failed to insist upon it.    The answer to this exception is, a surety to a guardian when sued is not bound to plead the statute of limitations, but may or may not according to his discretion. *Jones* v. *Blanton,* 6 Ired. Eq., 115; *Street* v. *Comr's of Craven,* 70 N. C., 644; *Craven* v. *Freeman,* 82 N. C., 361. And if so, the withdrawal of such a plea or a waiver of it ought not to affect and does not affect the right to contribution.    The design of that plea is to protect against a false and unjust claim or one of whose discharge the evidence is lost, but it is not obligatory in morals or law to use it to defeat a just debt.    In this case the utmost good faith appears. It was greatly to the interest of the sureties sued, in a mere pecuniary sense, to defeat the claims altogether, but at the time of the plea pleaded the report of High, the referee, had found a liability for Albert Toon of $2,414, and for Frances M. Toon of $1,908, with two years interest due on each, and by means of this plea perhaps it turned out that the cases were put off the docket at the sum of $1,300 for the first and $500 for the latter, when in point of fact, as found by Norment the referee in this action, there was due larger sums with interest.    In such a state of things it was not inconsistent with duty to the other sets of sureties to quit the controversy at these reduced amounts rather than run the hazard by relying on the plea to have it found against and thereby a very heavy sum fixed on them and those bound on other bonds of the guardian.

6.  It is lastly assigned for error that referee held plain-

tiff entitled to sue and recover, as it was found as a fact that no notice was given to defendants before suit brought. In cases of a simple character, such a bond with several sureties, on payment by one, the principal being insolvent, an obligation is implied by law on the part of the others to pay him their *aliquot* parts according to the number of the sureties, and in an action at law to recover such *aliquot* share, it was material to the party seeking contribution to notify his fellows and demand payment, as a prerequisite to his action so as to enable him to pay and save costs. *Sherrod* v. *Woodward*, 4 Dev., 360. The recovery at law was for an *aliquot* share only and there was no power in that court to distribute round the share of an insolvent on the others and hence it was not unreasonable in that court to require notice before action brought. But when there are four different bonds by a guardian, as in our case, with different penalties and different securities, some solvent and some otherwise, all cumulative securities to the wards except the last one, and that a security for two only of the wards, the rate of contribution upon the principles of a court of equity would be troublesome to ascertain, and to hold it a prerequisite in such a case, that a surety bearing the burden should notify those liable to contribute, before he could sue, would be practically a denial of justice. We therefore hold there is no necessity in such a case to give notice and demand payment before action.

There is no error and the judgment of the court below is affirmed.

No error. Affirmed.