### HILLAS et al. v. FULLER.

(Supreme Court, Trial Term, Saratoga County.   March, 1913.)

1. RELEASE (§ 28*)—OPERATION—JOINT DEBTORS.

Under the common-law rule that the release of the liability of one or more joint or joint and several obligors discharges the liability of all, the instrument must be a technical release, without any valid limitation or restriction, and must be under seal.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 57–62; Dec. Dig. § 28.*]

2. RELEASE (§ 6*)—"PAROL RELEASE."

Any release not under seal is a "parol release."

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 12–14, 16; Dec. Dig. § 6.*]

3. RELEASE (§ 28*)—OPERATION—JOINT DEBTORS.

Under Debtor and Creditor Law (Consol. Laws 1909, c. 12) § 230, providing that a joint debtor may make a separate composition with his creditor, and that such composition discharges only the debtor making it, and section 231, providing that an instrument making a composition with a creditor does not impair the creditor's right of action against any other joint debtor, or his right to proceed against another joint debtor, unless an intent to release or exonerate him appears affirmatively on the face of the instrument, where one of 13 makers of a note for $2,600, given for the purchase price of a horse, paid the payee $200 and received a receipt, not under seal, stating that this was in full payment of his share in the horse, the other makers were not released, since, not being under seal, it would not have the effect of releasing the other makers, even at common law, and no intent to release or exonerate any one else was apparent.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 57–62; Dec. Dig. § 28.*]

4. RELEASE (§ 25*)—CONSTRUCTION AND OPERATION.

Under the equitable rule, now prevailing, a release is to be construed according to the intent of the parties, and its object, purpose, and intent will control and limit its operation.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 47, 48; Dec. Dig. § 25.*]

5. CONTRIBUTION (§ 6*)—PAYMENT OR DISCHARGE OF COMMON LIABILITY.

Where 11 of 13 joint and several makers of a note paid the note, 8 of them paying their share in cash and 3 by discounting their individual

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notes, which were accepted as payment, the original note being surrendered, those paying the note were entitled to recover, from another maker, his proportionate share of the amount, whether or not the notes given by such 3 makers had been paid, since the defendant was no longer liable on the original note, which had been surrendered.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 10–12; Dec. Dig. § 6.*]

Action by Robert R. Hillas and others against William G. Fuller. Judgment for plaintiffs.

Robert Frazier, of Mechanicsville, for plaintiffs.
Leary & Fullerton, of Saratoga Springs, for defendant.

WHITMYER, J. A joint and several promissory note in the sum of $2,600 was made and delivered by plaintiffs, together with one Herbert B. Brown and defendant, to Otto Hoag Importing Company, on August 13, 1910, for the purchase price of a horse. One-third of the amount thereof, with interest at 6 per cent., was payable on March 1st in each year, until fully paid. It contained an agreement that the whole amount should become immediately due and collectible, if any payment or part payment, or if any interest, should become due and remain unpaid for 30 days. The said Brown made a payment of $200 thereon on the day of and immediately after its delivery to the payee. This was indorsed generally, but the receipt given to Brown stated that the amount was in full payment of his one share in the horse. The receipt was not under seal. The note was thereupon discounted for the payee, without recourse, by the Manufacturers' National Bank at Mechanicsville, which then became the owner and holder thereof, and so remained until it was paid. No payment, other than that by Brown, was made prior to March 1, 1912, and the one then due was not made on that day, nor was it made within 30 days thereafter, but the whole amount unpaid, having become due, was paid by plaintiffs April 2, 1912, each one paying one-eleventh thereof. Eight paid in cash and three by discounting notes, made and delivered to and by the bank, accepted in payment of their several proportionate shares of the joint and several note, which was thereupon surrendered to the plaintiffs. The teller of the bank believes that the individual notes were subsequently paid, but is not entirely clear about it. Defendant refused to pay any portion of the joint and several note, although demand for the payment of his share was duly made upon him.

[1] It is the rule under the common law that the release of the liability of one or more joint or joint and several obligors discharges the liability of the other or others; but the rule requires for its full operation that the instrument should be a technical release, without any valid limitation or restriction. Hood v. Hayward, 124 N. Y. 12, 26 N. E. 331; Whittemore v. J. L. & S. O. Co. et al., 124 N. Y. 573, 27 N. E. 244, 21 Am. St. Rep. 708.

[2] A release by parol, which is any release not under seal, of one joint debtor, does not discharge the other, and can be pleaded only by the one to whom it was given. Marx v. Jones, 36 Hun, 292; Morgan

v. Smith, 70 N. Y. 537. Equity gives to a release operation according to the intention of the parties and the justice of the case.

[3] Section 230 of the Debtor and Creditor Law expressly provides that a joint debtor may make a separate composition with his creditor and that such composition discharges only the debtor making it. And section 231 of that law provides that an instrument making a composition with a creditor does not impair the creditor's right of action against any other joint debtor, or his right to take any proceeding against the latter, unless an intent to release or exonerate him appears affirmatively upon the face of the instrument.

[4] The equitable rule now prevails, and a release is to be construed according to the intent of the parties and the object and purpose of the instrument, and that intent will control and limit its operation. Whittemore v. J. L. & S. O. Co. et al., supra. The receipt to Brown was not under seal, so that its effect, even at common law, is to release him and no one else. It was for "$200 in full payment of his one share in horse." It was merely a release of Brown "for his one share," and no intent to release or exonerate any one else is apparent, so that defendant cannot claim a discharge on this account.

[5] Eight of the plaintiffs paid their shares of the joint and several note in cash, and three of them by discounting their individual notes at the bank, which held the joint and several note. There is some evidence that these individual notes were paid, but the teller of the bank was not absolutely certain about it at the trial. However, they were given and accepted in payment, and the joint and several note was surrendered, so that defendant is no longer liable thereupon. The case, under these circumstances, is distinguishable from Lee v. Larkin, 125 App. Div. 303, 109 N. Y. Supp. 480, where the renewal note was made as a renewal, without any agreement as to its effect.

The action, therefore, is not premature, and plaintiffs are entitled to judgment, with costs.

Findings may be prepared accordingly.