## FRED HODGDON v. W. F. PEET.[1]

### July 3, 1913.

### Nos. 17,886—(46).

**Contract construed — protection of common fund — contribution — payment in instalments.**

Defendant executed and delivered to J. the instrument set out in the opinion; plaintiff is the holder thereof under mesne assignments from the payee. It became necessary for defendant to bring suit to enforce the collection of the claim and estimate referred to in the instrument, and in such suit defendant incurred expenses. It is *held:*

(1) It appears from such instrument itself, construed with the estimate attached thereto, that it was not an absolute promise on the part of defendant to pay the amount specified, but an agreement to pay such amount out of the proceeds of the claim against the city, but only in case the same should be paid, and when it was paid, and that the maker and payee were jointly interested in the claim against the city.

(2) When one of two or more persons interested in a common fund is obliged, in order to secure or preserve such fund for himself and the others

[1] Reported in 142 N. W. 808.

interested, to maintain an action and incur expenses, equity will compel all interested to contribute to the cost. This rule is applied to the facts here, and it is *held* that the expenses incurred by defendant in the suit to collect the claim should be borne by plaintiff and defendant in proportion to the amounts of their respective interests.

(3) The fact that defendant, without consideration, entered into an understanding with the city that the judgment might be paid in instalments extending over a period of time, did not operate to charge defendant as if he had collected the full amount of the judgment, and the trial court properly *held* that defendant was obliged to pay plaintiff only as the instalments were actually received.

(4) Certain assignments of error *held* without merit.

Action in the district court for Ramsey county to recover $2,077 upon the written instrument set out in the opinion. The answer contained certain allegations referred to in the opinion on page 291, infra, in support of which testimony, not considered by the trial court, was received. The reply alleged that plaintiff purchased the contract signed by defendant for a valuable consideration and without any knowledge or intimation as to any partnership relation existing between defendant and Thompson as set out in the answer. The case was tried before Dickson, J., who made findings that plaintiff was not entitled to the relief demanded in his complaint and that defendant was entitled to judgment allowing him to offset and reimburse himself for the sum of $4,948.49, expended in procuring judgment against the city of East Grand Forks, out of any moneys he had collected or should in future collect until that sum, with interest upon the same, had been fully paid, and thereafter defendant should pay to plaintiff 2077/11702 of any moneys thereafter received by defendant in excess of said sum. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*A. B. Jackson,* for appellant.

*Ambrose Tighe,* for respondent.

BUNN, J.

This action was brought to recover of defendant the sum of $2,077, the amount specified in the written instrument hereinafter set out. The case was tried to the court without a jury and resulted in a decision in favor of defendant. Plaintiff appealed from the judgment entered on such decision.

The instrument upon which plaintiff based his claim was made an exhibit to the complaint and was as follows:

EXHIBIT 1

St. Paul, Minn. Nov. 14, 1902.

For value received, I hereby promise to pay to W. G. Jordan, of Washington county, Minnesota, the sum of two thousand and seventy-seven dollars ($2077.00), and interest thereon, if interest is paid, out of the moneys at any time received on the estimate, a copy of which is hereto attached, and not otherwise. In case said estimate is not paid in one sum, but in instalments from time to time, the understanding is that any such partial payment shall be divided between me and said Jordan in the proportion of $9625.00 to $2077.00.

(Signed) W. F. Peet.

The estimate attached to the above instrument was as follows:

EXHIBIT A

City of East Grand Forks,

Minnesota.

Contract No. 1.

Contract dated Aug. 13th, 1902.

Contractor P. H. Thornton.

Total Bid ................................$12,797.95

Estimates allowed.

East Grand Forks, Minnesota, Nov. 8th, 1902.

Estimate No. 2.

| | |
|---|---|
| 2394.2 ft. of curbing in place @ 72c ............ | $ 1,723.84 |
| 5421 cub. yds. of excavating @ 27c .............. | 1,163.00 |
| 9000 sq. yds. of slate macadam @ 1.39 .......... | 12,510.00 |
| | 15,396.84 |
| Less amount to Oct. 7th, 1902, as per .............. | 3,695.00 |
| Amount due contractor ........................ | 11,701.84 |

Work done according to contract and specifications.

I certify the above to be correct, and allow the above estimate.

Thomas L. Lawson, Engineer.

The complaint alleged the execution and delivery of the above written instrument by defendant to W. G. Jordan, an assignment by Jordan to one De Pue in February, 1903, and a subsequent assignment by De Pue to plaintiff. It further alleged that the estimate attached to the instrument became due and payable December 10, 1902; that the city of East Grand Forks failed and neglected to pay the same when due; that it became and was necessary to commence action against it on account of the same, that action was commenced by defendant against the city, "as it was his duty to do," and that defendant secured a judgment against said city for the full sum of said estimate with interest thereon from December 10, 1902. It was further alleged that after securing this judgment defendant wrongfully and in violation of his duty to this plaintiff entered into a contract with the city not to enforce and collect said judgment; that under this contract the city has paid to defendant the sum of $4,500, and has agreed to pay the balance of said judgment with interest thereon. It is alleged that defendant has failed to pay plaintiff the sum of $2,077 and interest, or any part thereof, and judgment was demanded against defendant for said sum with interest.

The trial court found in substance the following facts: The estimate attached to the written instrument, and hereinbefore set out, was evidence of a claim of $11,701.84 due from the city to Thornton for paving and curbing done under the contract between them referred to in the estimate. Thornton had, prior to November 14, 1902, assigned this claim to defendant. Jordan assigned the written instrument to De Pue, and the latter assigned it to plaintiff, both assignments being for a valuable consideration. The amount owing from the city of East Grand Forks, evidenced by the estimate, became due and payable December 10, 1902. Payment was demanded and refused. The charter of the city contained a provision, limiting the time within which actions against it to recover on claims arising ex contractu might be brought to two years. Defendant was unable to obtain payment of the claim, and for the purpose of enforcing payment and preventing the loss of the claim, in August, 1904, brought suit against the city. The suit was tried twice in the district court, and heard twice in this court, and finally resulted in a

122 M.—19.

judgment against the city for the sum of $15,916.50, which sum included the full amount of the estimate, (less $268 disallowed on account of incorrect computation) and interest at six per cent since December 10, 1902, and costs. The suit was brought and prosecuted by defendant in good faith, and was necessary to prevent the loss of the claim, and but for the suit the claim would have been wholly lost.

In the prosecution of this suit, defendant necessarily expended for counsel fees and other expenses the sum of $4,948.49. De Pue became the owner of the written instrument before the suit was instituted, and both he and plaintiff knew of the pendency of the suit, did not object to its prosecution, but encouraged defendant in such prosecution and approved of the same.

After the entry of the judgment, defendant, acting in good faith and in the exercise of his best judgment and discretion, without any consideration to him moving, and for the purpose of insuring the ultimate collection of said judgment with the least trouble and expense, and establishing a practical arrangement whereby the city could pay such judgment, entered into an understanding with the city whereby it was permitted to pay the judgment in annual instalments, and on June 23, 1910, defendant collected $1,500 on account thereof, and on May 4, 1911, $3,000 on account thereof, making a total of $4,500, which is all defendant had collected at the time of the trial.

As conclusions of law, the court determined that plaintiff was not entitled to the relief demanded in his complaint; that defendant was entitled to judgment permitting him to offset and reimburse himself for the sum of $4,948.49 expended in prosecuting the judgment, against and out of any moneys he had collected or should in the future collect on said judgment, until said sum of $4,948.49 and interest has been fully paid; and thereupon and thereafter that defendant shall pay to plaintiff 2077/11702 of any moneys received or collected by defendant on said judgment in excess of said sum of $4,948.49 and interest.

In making these findings and in reaching its conclusions, the trial court did not consider certain evidence that had been received subject to objection, which showed quite conclusively the following facts

surrounding the execution of the instrument sued on: One Thompson and defendant Peet were jointly and equally interested in the profits to be made under the contract between Thornton and the city; defendant furnished the paving material and financed the contractor. Thompson obtained the contract for him; defendant and Thompson agreed to divide equally between them the profits of the undertaking; after the estimate was made, they figured the profits at $3,000; Thompson had expended $577 on the work, and it was agreed between them that defendant should execute the instrument on which this action is brought, the amount representing his share of the estimated profits with the $577 added; Thompson did not wish his own name to appear as payee in the instrument, and at his request Jordan's name was inserted as payee; Jordan had no interest whatever in the matter. The court did not find these facts, which were alleged in the answer and proved by evidence admitted subject to objections, but expressly found that they were immaterial and not proper to be considered in the case. The question whether this evidence was correctly eliminated from the case is not before us, as the decision below was expressly based on the instrument itself, with the estimate attached, and such equities "as are inherent in the instrument itself, and arise from its very terms," to quote the memorandum of the trial court.

The first question is whether or not the trial court was correct in allowing defendant to reimburse himself out of the money received and to be received by him from the city for the expenses paid in the suit to obtain the judgment.

1. Plaintiff insists that there is nothing in the instrument itself, or in the attached estimate, to warrant the construction that the payee or his assigns was obliged to share the expenses of enforcing the claim, and therefore that a holding to that effect is in effect contradicting and adding a term to the written contract by evidence of a prior or contemporaneous parol agreement. We are unable to sustain this view. The written instrument is not an absolute promise to pay $2,077. The maker agrees to pay that sum, and interest, "if interest is paid," "out of the moneys at any time received on the estimate, a copy of which is hereto attached, *and not otherwise.*" It

is also provided that, if the estimate is paid in instalments from time to time, "the understanding is that any such partial payment shall be divided between me and said Jordan in the proportion of $9,625 to $2,077."

This language in itself indicates that the maker and payee were jointly interested in the claim represented by the estimate, and in the proportions stated. The payee was to receive nothing unless the claim was paid. He was to receive interest only if interest was paid on the amount of the estimate, and if the claim was paid from time to time in instalments, he was to receive only his proportion of each instalment. Furthermore no time is specified. It is quite clear that defendant was not obliged to pay the $2,077, unless and until he succeeded in collecting the claim from the city. The attached exhibit showed what this claim was, an estimate allowed to contractor Thornton on a contract for paving and curbing. In short, from the writings alone, it seems to us a case where the payee and his assigns, as well as the defendant, were vitally interested in establishing the validity of the claim against the city, and in enforcing its payment.

2. Under these conditions, will a court of equity permit plaintiff to reap the benefit of defendant's necessary effort to enforce payment of the claim without contribution to the expense?

It is entirely certain that, but for the institution of the action against the city, the claim would have been wholly lost, and plaintiff, as well as defendant, would have been the possessor of a valueless piece of paper. Plaintiff concedes in his complaint that the lawsuit was necessary, and he must appreciate that the result was greatly to his advantage. Nevertheless he insists that defendant had obligated himself to pay plaintiff $2,077 out of the moneys received from the city, with nothing said as to who should stand the expense of collection, if such expense should become necessary. Plaintiff relies on his bond, and wants his pound of flesh. It was doubtless assumed when the instrument was given that the city would pay the estimate, either in one sum or in instalments, and that no expense would be incurred in the collection. But it can hardly be doubted that, if incurring such expense became necessary, each of the interested parties ought to pay his share.

We recognize the doctrine that a mere agreement to pay a debt out of a particular fund, belonging to the debtor, does not constitute a legal or equitable assignment pro tanto, and gives the creditor no interest in the fund as such. But the rule is not applicable to the facts here. The agreement in no way indicates that it represented a debt of defendant to the payee; it does indicate, as we have already said, that defendant and the payee were jointly interested in the fund; a vital point is that there was no obligation whatever, unless the estimate was paid. It is not, moreover, important that the payee had no control over the fund, no power to collect from the city. Defendant occupied the position of a trustee to collect the claim and pay to Jordan or his assignee his share. It was not only defendant's right, but his duty, to exercise care to prevent the loss of the claim; he might well have been liable to Jordan or his assigns for a failure to bring suit before the claim was outlawed. Indeed plaintiff recognizes this when he says in his complaint that it was the duty of defendant to bring the suit. If any duty existed it was to the holder of the instrument.

It needs no citation of authority to establish that when one of two or more persons who are interested in a common fund is obliged, in order to secure or preserve that fund for himself and the others interested, to maintain a lawsuit and incur expenses, equity will compel all interested to contribute to the cost. Applying this principle to the facts here, plaintiff cannot have the benefit of the suit brought by defendant against the city without paying his share of the expenses of such suit. In other words, the expenses of collecting the common fund should be paid therefrom before it is divided between plaintiff and defendant in proportion to their respective interests.

3. Plaintiff contends that defendant, by forbearing to collect the judgment at once and entering into the understanding with the city by which it was to be paid in instalments, thereby consented to an extension of time without the knowledge or consent of plaintiff, with the claimed result that defendant should be charged with having collected the full amount of the judgment. There are several answers to this contention; defendant appears to have acted in perfect good faith, and with good judgment; had he insisted on im-

mediate enforcement of the judgment, it is highly probable that another court proceeding, with more delay and more expense, would have been necessary. Defendant was not obliged to consult plaintiff, and was only required to act in good faith and with reasonable judgment in the way seemingly best calculated to produce the payment with the least cost. It is to be noted also that the very instrument sued upon contemplates that the claim may be paid in instalments. Furthermore, there was no consideration for the extension agreement, and it does not constitute a binding contract between defendant and the city. We hold that this agreement under which the judgment is being paid in instalments does not have the effect of obligating defendant to pay plaintiff except as the instalments are actually paid by the city to defendant.

4. The assignments of error based on receiving the testimony of defendant as to the relations and dealings between himself and Thompson prior to the execution of the instrument on which this action was brought, and the testimony of Jordan that his name was inserted as payee solely for the benefit of Thompson and that he had no interest whatever in the matter, are without merit. The court received this evidence subject to objection, and expressly stated that it was disregarded in reaching the decision. This was in effect a ruling sustaining the objection to the testimony. We do not wish to be understood, however, as deciding that this evidence was not admissible.

The findings of fact which are attacked are either sustained by the evidence, or are on immaterial matters.

Some criticism is made of the allowance made to defendant for sums necessarily expended in the prosecution of the suit against the city. Attention is called to an item of $150 paid to other counsel, and to items aggregating $691.46 for certain disbursements which are claimed were taxable as costs against the city. We find no good ground for disturbing the decision of the trial court as to the amount to be allowed defendant for expenses.

Our conclusions are in entire accord with those reached by the learned trial court. The result is equity and is legally right.

Judgment affirmed.