GEORGE F. WATERS *vs.* AUGUSTUS W. WATERS.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 8th, 1929—decided January 6th, 1930.

*Albert S. Bill,* with whom, on the brief, was *Albert C. Bill,* for the appellant (plaintiff).

*Henry J. Calnen,* for the appellee (defendant).

HAINES, J. The plaintiff and defendant were formerly the executors of the estate of John B. Waters, late of Hartford, and their final account was filed and accepted by the Court of Probate for the district of Hartford. There was a mutual distribution to the legatees and devisees prior to December 1st, 1925. The executors had paid a Federal tax on the estate of $4,306.26, but early in 1927 a rebate of $809.72 was returned by check which was received by the defendant as one of the executors of the estate. This check was payable to the plaintiff and defendant as co-executors, and was sent by the defendant to the plaintiff, who resided in Cleveland, for indorsement. The plaintiff did indorse it and returned it to the defendant, who thereupon deposited it in his personal bank account, and thereafter applied the whole to his own use. There were three legatees, the plaintiff, the defendant and Glenna E. Waters. The defendant sent his note for one third of $809.72 to the plaintiff, who accepted it, and a similar note to Glenna E. Waters, who refused to do so. The notes were payable in one year, but were past due and unpaid when this action was brought. For the failure of plaintiff and defendant to account to the Court of Probate for the rebate, they were removed as executors in July, 1927, and the First National Bank of Hartford was appointed administrator *de bonis non* of said estate and is now acting as such. The bank as such administrator demanded of both the former executors, that they turn over to it the amount of the rebate, $809.72. The defendant refused to do so, but the plantiff paid the amount to the bank as demanded. The estate remains unsettled for the reason that the plaintiff garnisheed the funds in the hands of the administrator

in the present action. Before bringing this action, the plaintiff demanded of the defendant that the latter reimburse him for the amount which he had paid the administrator, $809.72, but he refused.

The trial court reached the conclusion that the defendant had attempted, by giving each of the other two legatees his note for one third of the rebate, to distribute it without a supplemental account in the Court of Probate, and that the plaintiff and defendant were jointly and severally liable to the administrator for the $809.72, and, further, that in paying over this sum to the administrator the plaintiff was paying his own obligation and was not making a payment for the defendant, and that the equities between the parties should have been adjusted in the Court of Probate. Judgment was given the defendant for his costs.

The plaintiff's appeal is based upon the alleged error of the trial court in holding that the defendant was not liable to the plaintiff on the foregoing facts and so rendering judgment for the defendant and that the equities of the parties should have been adjusted in the Court of Probate, and finally that there was error in the exclusion of certain evidence.

No question is made of the claim, that the liability of the co-executors to account to the Court of Probate for the amount of the rebate was a joint and several one, and the obligation not having been met by either at the time of their removal from the executorship, that liability still existed after the appointment of the administrator and at the time the demand was made upon them by the latter; nor that, as against the administrator, neither could avoid payment of the full amount of the rebate. At the time of the payment by the plaintiff, however, both he and the defendant had ceased to be executors, and were in

the position merely of joint and several debtors of the estate. As between themselves, in the situation here disclosed, they occupied the legal relation which attaches to such debtors generally. Under such circumstances, if one debtor is compelled to pay the full amount of the debt, a right of contribution against the other at once arises for the amount he has paid in excess of his share of the whole obligation. While the plaintiff paid his own obligation to the administrator, as the trial court held, it was equally true that he paid an obligation of the defendant. This payment raised an implied contract on the part of the defendant to reimburse the plaintiff, and this implied contract rests upon the principle of contribution. Where two persons are jointly and severally bound to pay a sum of money and one of them is compelled to pay the entire amount, he may recover from the other the proportion which that other ought to pay. *Putnam* v. *Misochi,* 189 Mass. 421, 422, 75 N.E. 956; *Bulkeley* v. *House,* 62 Conn. 459, 467, 26 Atl. 352; *Aspinwall* v. *Sacchi,* 57 N. Y. 331, 337. This doctrine is an equitable one and founded on the equitable principle that where one has been compelled to pay money which the other was equally bound to pay and has thus discharged the common burden, the latter, who has also received the benefit, should in good conscience refund his own proportion of the obligation. *Bulkeley* v. *House,* 62 Conn. 459, 467, 26 Atl. 352; *Harrison* v. *Walker,* 124 Ark. 555, 188 S.W. 17; *Hosmer* v. *Burke,* 26 Iowa, 353; *Falley* v. *Gribling,* 128 Ind. 110, 113, 26 N.E. 794; *Newcomb* v. *Gibson,* 127 Mass. 396; *Chaffee* v. *Jones,* 36 Mass. (19 Pick.) 260, 264; *Hodgdon* v. *Peet,* 122 Minn. 286, 142 N.W. 808; *Mason* v. *Lord,* 37 Mass. (20 Pick.) 447, 449; *Golsen* v. *Brand,* 75 Ill. 148; *Bayne* v. *Grenier's Estate,* 118 Minn. 350, 136 N. W. 1041; *Fletcher* v. *Grover,* 11 N. H. 368.

While thus the doctrine is of equitable origin and has long been established in courts of equity, it is now also recognized and enforced by courts of law, being based upon the ground of an implied contract arising from the equitable obligation. They proceed upon the principle that from the joint undertaking there is an implied promise on the part of each to contribute his share if necessary to meet the common obligation. *Chipman* v. *Morrill,* 20 Cal. 130, 135; *Johnson* v. *Johnson,* 11 Mass. 359, 360; *Powers v. Nash,* 37 Me. 322; *Rindge* v. *Baker,* 57 N. Y. 209; *Chaffee* v. *Jones,* 36 Mass. (19 Pick.) 260, 264; *Fletcher* v. *Grover,* 11 N. H. 368. And the right may now be enforced in the courts of law in an action of assumpsit, debt or covenant. *Bailey* v. *Bussing,* 28 Conn. 455; *Weeks* v. *Parsons,* 176 Mass. 570, 58 N. E. 157; *Johnson* v. *Johnson,* 11 Mass. 359, 360.

While this right is an existing obligation running from the inception of the relation, a right of action for its enforcement does not accrue in law or in equity until the actual payment of the common debt. *Estate of Koch,* 148 Wis. 548, 134 N. W. 663; *Pixley* v. *Gould,* 13 Ill. App. 565; *Hill* v. *Fuller,* 188 Mass. 195, 74 N. E. 361; *Greene* v. *Anderson,* 102 Ky. 216, 43 S. W. 195; *Morgan* v. *Smith,* 70 N. Y. 537, 542; *Camp* v. *Bostwick,* 20 Ohio St. 337; *Hillas* v. *Fuller,* 143 N. Y. Supp. 15. And the payment must have been compulsory and not voluntary. *Curtis* v. *Parks,* 55 Cal. 106; *Gay* v. *Ward,* 67 Conn. 147, 34 Atl. 1025; *Skillin* v. *Merrill,* 16 Mass. 40, 41; *Halsey* v. *Murray,* 112 Ala. 185, 20 So. 575. This compulsion is established if it be shown that the payment was one which was demanded and could have been enforced by suit, the party being legally liable. *Hardell* v. *Carroll,* 90 Wis. 350, 63 N. W. 275; *Fishback* v. *Weaver,* 34 Ark. 569, 580; *Goodall*

v. *Wentworth,* 20 Me. 322; *Bright* v. *Lennon,* 83 N. C. 183; *Felton* v. *Bissel,* 25 Minn. 15, 20.

In the absence of facts showing the contrary, it is the right of one of two joint and several debtors who has been compelled to pay the debt, to recover one half that sum from the other debtor. If, however, one of the debtors holds a fund from which both are entitled to full reimbursement, the situation as between them is changed, the holder of the fund becoming in effect a trustee for the other to the extent of the fund. If this fund is held by the payor, he would in that case have no right of contribution from the other; but if, as in the present case, the entire fund is held by the defaulting debtor, the share which he would be required to pay as contribution for the reimbursement of the payor would be the full amount the latter had paid to discharge their joint obligation, since he received the entire benefit from the payment, and the underlying principle is equality in bearing a common burden. *Bailey* v. *Bussing,* 28 Conn. 455, 458; *Vandiver & Co.* v. *Pollak,* 107 Ala. 547, 559, 19 So. 180; *White* v. *Banks,* 21 Ala. 705; *Chappell* v. *John,* 45 Colo. 45, 99 Pac. 44; *Stewart* v. *Bruen,* 39 Mich. 619; *Rollins* v. *Taber,* 25 Me. 144; *Dent* v. *King,* 1 Ga. 200. 44 Amer. Dec. 638. Applying these principles to the facts of this case as established in the trial court, it is apparent that the measure of the obligation of the defendant to the plaintiff is the full amount which the latter paid to the administrator, viz., $809.72.

The note of the defendant which was sent to the plaintiff is not pleaded by the former and is not involved in the issues of this case.

The conclusion we reach renders it unnecessary to discuss the assignment based upon the exclusion of evidence.

There is error, the judgment is set aside and the

Superior Court directed to enter judgment for the plaintiff for $809.72 and costs.

In this opinion the other judges concurred.