Pixley v. Gould.

13   565
166s  455

## ASA PIXLEY ET AL.
### v.
## A. A. GOULD ET AL.

1. CONTRACT WITH RAILROAD TO LOCATE ROAD.—A written agreement entered into by twenty parties with a railroad company to furnish the said railroad company the right of way through a certain county for the construction of their railroad in consideration that the company would locate said road on a certain line. *Held,* that as this contract was entered into by the railway company itself and for its own benefit, and the land to be procured was to be used in locating, constructing and operating its road, it is not void as against public policy.

2. CONTRIBUTION.—Where there is a joint legal liability resting upon all the parties to an agreement, parties to the agreement, either with or without suit and legal compulsion, may pay and hold the persons bound with them by the contract responsible to them to the extent of their advances for such joint contractors.

3. SAME.—As to the objection that the bill was filed too soon, the court is of opinion that it would seem upon equitable principles the bill should be maintainable, for it would be a harsh rule for a court of equity to enforce, that parties who had already paid more than their just proportion of a debt should be compelled to pay all the residue before they could have relief.

4. OBJECTION MADE TOO LATE.—The objections that the corporation was not a necessary or proper party to the original bill, and that its claim set up in the cross-bill was purely a legal claim which could be enforced in a suit at law comes too late now after the causes were heard on their merits in the court below without demurrer or objection.

ERROR to the Circuit Court of Edwards county; the Hon. T. S. CASEY, Judge, presiding. Opinion filed October 10, 1883.

Messrs. HANNA & ADAMS and Mr. W. F. FOSTER, for plaintiffs in error; that as to the whole amount of the joint liability being discharged before a judgment or decree for contribution should be rendered, cited Jester v. Carse, 71 Ill. 23; Robertson v. Deatherage, 82 Ill. 511; Harvey v. Drew, 82 Ill. 606.

As to burden of proof: Watt v. Kirby, 15 Ill. 200; Union Nat. Bk. v. Baldenwick, 45 Ill. 375; Town of Prairie v. Lloyd, 97 Ill. 179; Howard v. Bennett, 72 Ill. 297; Baird v. Evans, 20 Ill. 29.

The agreement is void as against public policy: Bestor v. Wathen, 60 Ill. 138; Linder v. Carpenter, 62 Ill. 309; St. L. J. & C. R. R. Co. v. Mathers, 71 Ill. 592.

No distinction is made between such a contract in the name of the company or of officers of the company: Fuller v. Dame, 18 Pick. 472; Pacific R. R. Co. v. Seely, 45 Mo. 212; Holliday v. Patterson, 5 Oregon, 177; Fort Edward, etc., v. Payne, 15 N. Y. 583; Butternuts, etc., v. North, 1 Hill (N. Y.), 518.

As to what matter may be admitted in a cross-bill: Hurd v. Case, 32 Ill. 49; Kennedy v. Kennedy, 66 Ill. 194; Ayres v. Carver, 17 Howard, 595; Story's Eq. Pl. § 389.

Mr. J. S. STEVENS, for defendant in error, P. D. & E. R'y Co.; as to contribution, cited Eddy v. Traver, 6 Paige, 521; Hickman v. McCurdy, 7 J. J. Marsh, 560; Mitchell v. Sproul, 5 J. J. Marsh; Wilton v. Tazwell, 86 Ill. 29; Gillilan v. Nixon, 26 Ill. 50; Parsons on Contracts, 6 ed. 31, 32; Ralston v. Wood, 15 Ill. 159.

The payment to establish a claim for contribution, must be compulsory; but this does not mean that there must be a suit, but only a fixed and positive obligation: Chipman v. Morrill, 20 Cal. 135; Chaffee v. Jones, 19 Pick. 264; Little v. Pope, 11 B. Monroe, 308; Pitt v. Pursford, 8 M. & W. 538; Moden v. Forrester, 5 Taun. 615; Davis v. Humphreys, 6 M. & W. 153; Russell v. Failer, 1 Ohio, 327.

When a court of equity once obtains jurisdiction of a subject it will comprehend and decide all incidental matters necessary to a full and final determination of the whole controversy: Sander's Appeal, 7 Smith (Penn.), 498; Keaton v. Spaulding, 13 Mo. 226; Franklin Ins. Co. v. McCrea, 4 Ia. 229.

Messrs. BELL & GREEN and Mr. J. P. ROBINSON, for defendants in error; that an obligor who advances money for a co-obligor may be indemnified to the extent of his advances for such other party, cited Harvey v. Drew, 82 Ill. 606; Klein v. Mather, 2 Gilm. 317.

BAKER, J.   This was a bill in chancery in the Edwards Circuit Court in which Ansel A. Gould and Philander Gould were complainants, and all the other parties to the record were defendants.

The complainants and eighteen of the defendants, had executed and delivered to the P. D. & E. Railroad Company their written agreement to furnish the said railroad company the right of way through the county of Edwards, for the construction of their railroad, in consideration that said company would locate said road on a certain line.   Assessments were made upon the joint contractors for the purpose of paying for such right of way, and some of them paid all the assessments, while others paid but little, and plaintiffs not only paid their own assessments, but in order to avoid litigation with the railroad company, advanced for their co-obligors who had failed to pay in full their respective shares, a considerable sum of money.   The purpose of this bill was for contribution.

The P. D. & E. R. R. Co. was also made a party defendant. It answered and also filed a cross-bill, in which both the complainants, and co-defendants to the original bill were made defendants.   The cross-bill alleged the parties bound by the contract had not procured all the right of way, but that said company had expended over $2,000 in addition to what had been paid by them under their agreement, and prayed a decree against them all for the sum so expended.

The railroad corporation had prosecuted a proceeding against Jacob Hinkle, one of the parties to the contract to condemn the right of way over his land, and there was awarded to him as compensation $625, which had not been paid.   Afterward the company filed a bill against said Hinkle asking that he be perpetually enjoined from the collection of such compensation or judgment.

There were answers and replications as to each of these three bills and on the final hearing all the suits were consolidated and tried as one cause and a decree entered therein.

The substance of the decree was as follows:

1st.  Jacob Hinkle was perpetually enjoined from collecting said compensation or judgment of $625.

2d. The court found there was due the P. D. & E. R. R. Co. from the twenty defendants in the cross-bill for money expended by it in procuring the right of way, the sum of $2,021.25 and entered a decree therefor and awarded an execution for the collection of the same with costs.

3d. The court also found there was due the complainants in the original bill the sum of $2,357.95, which they had paid in excess of their proportionate part for said right of way.

A decree was rendered against the delinquent defendants, severally, for the amount which the court found each one of them should have paid of this $2,357.95. It is urged the contract was void as being against public policy.

The doctrine announced in Bestor v. Wathen, 60 Ill. 138 and Linder v. Carpenter, 62 Ib. 309, is that a contract made with officers of a railroad company acting in their individual capacity to induce them to establish the line of the road at a given point for the purpose of promoting the private advantage of the contracting parties is against public policy as tending to sacrifice the interest of stockholders and of the public and will not be enforced in equity. Fuller v. Dam, 18 Pick. 472 and Holladay v. Patterson, 5 Oregon, 177, were cases of like character, where one of the contracting parties, while occupying a fiduciary relationship to the corporation, entered into the contract for the purpose of promoting his own private advantage. Fort Edwards, etc., v. Payne, 15 N. Y. 583, and Butternuts & Turnpike Co. v. North, 1 Hill, 518 are to the effect that in New York, corporations of the character involved have no authority to receive conditional subscription to stocks. The general doctrine, however, is that subscriptions of stocks to railway companies conditioned on the line or station will be upheld. See authorities cited in Pacific Co. v. Seely, *post.* The only cases to which our attention has been called other than the two last mentioned in which the contract was by and on behalf of the company itself are, St. L. J. & C. R. R. Co. v. Mathers, 71 Ill. 592, and Pacific R. R. Co. v. Seely, 45 Mo. 212.

In the first of these suits the agreement was, the company

Pixley v. Gould.

would not establish a depot or station within three miles of a particular point; and it was held the agreement was illegal, as the interests of the public and of the stockholders might require the establishment of such depot or station.    In the other suit the agreement was to deed certain land to the corporation in consideration of the location of depots, and the decision, the contract was void and against public policy, was put upon the ground the land was to be conveyed to the company for purposes of speculation and not for the purpose of being used in locating, constructing, managing and using the road, and the further ground that the corporation under its charter had no power to acquire land for purposes of speculation.    The contract now in question was entered into by the railway company itself and for its own use and benefit and the land to be procured was to be used in locating, constructing and operating its road, and we are of opinion there is nothing in the record to show it was void as being against public policy.

It is also objected that the original bill was prematurely filed; that no right of action had accrued to the complainants at the time of filing, for the reason that all of the right of way, which the joint contractors were bound to provide, had not then been furnished and paid for.

If there was a joint legal liability resting upon all the parties to the agreement, then complainants, either with or without suit and legal compulsion, might pay, and hold the persons bound with them by the contract, responsible to them to the extent of their advances for such joint contractors.    Harvey v. Drew, 82 Ill. 606.    We are advised of no case that is in point upon the objection that the bill was filed too soon.    It would seem, upon equitable principles, the bill should be maintainable; it may be it is a matter of controverted fact, whether the obligation has been fully discharged; it may be the party for whose benefit the agreement was made will never enforce or seek to enforce further payment; and in any event the presumption would be, the co-contractors will do that which legal duty and justice require of them, and each pay his aliquot part of the residue of the indebtedness.    It would be a harsh rule for a court of equity to enforce, to require of parties who

had already paid more than their just proportion of a debt to compel them to pay all the residue before they could have relief; and it may frequently be they are unable to discharge such residue and the obligation resting upon them unless they first or concurrently get relief against the other joint contractors. Sufficient unto the day is the evil thereof. It would seem strange a court should refuse contribution to a security or joint maker of a note who had paid it upon the ground he was also security or joint maker of another note which had not been paid.

It is assigned as error that the court did not dismiss the cross-bill filed by the P. D. & E. R. R. Co. The objections stated are that the corporation was not a necessary or proper party to the original bill, and that its claim set up in the cross-bill was purely a legal claim which could be enforced in a suit at law.

It was not urged in the court below as ground of demurrer that an improper party was made a defendant to the bill filed by the Goulds; nor was any demurrer interposed to the cross-bill, but answers were filed to both bills; and the two causes were heard on their merits without demurrer or objection, and it is too late now to say there was an adequate remedy at law or that an unnecessary party was made a defendant: Dodge v. Wright, 48 Ill. 382; Stout v. Cook, 41 Ill. 447.

The decree entered by the court was in several respects erroneous. The effect of the decree as to Jacob·Hinkle, by compelling him to pay $166.03 to the Goulds and one twentieth of the general judgment in favor of the railway company, and by perpetually enjoining him from collecting compensation for his land, was to compel him to contribute some $625, in excess of each of his co-contractors. This result is manifestly inequitable and unjust. The decree in favor of the Goulds was for too large a sum. As we understand the record and the evidence, there has been paid by the joint contractors, on assessments, the sum of $5,772.50; advanced by the Goulds the sum of $2,390; and advanced by Hinkle in value of land taken for right of way, the sum of $625, making in all a total of $8,787.50. The *pro rata* share of the Goulds

Pixley v. Gould.

is $879.70; and they paid on the assessments $730, which is $149.70 less than their share. This latter amount should be deducted from the $2,390 advanced by them. And this leaves the sum of $2,241.70 due them. The decree of the court awarded them $2,347.95, or $116.25 in excess of what was due.

Not only should the equities of Hinkle be protected, but the rights of Pixley, who has also paid more than his just proportion of the indebtedness, should be adjusted. Leave can be given to file cross-bills for these purposes, if the parties are so advised.

Without going into a statement of the accounts it is evident the allowance to the Goulds is larger than the figures justify, even if the claim of Hinkle be excluded from the calculation. The decree also exempts from contribution A. Shurtliff and H. Schaeffer, each of whom had paid less than his *pro rata* share, and imposes the burden of their deficiencies upon fifteen of their co-contractors.

The cause should be referred to the master, to state the accounts on the basis of requiring all except Pixley and Hinkle to make up the amount overpaid by the Goulds, all except Goulds and Pixley to make up the amount overpaid by Hinkle, and all except the Goulds and Hinkle to make up the amount overpaid by Pixley.

On the coming in of the master's report, if there are any objections to his calculations, the same can be pointed out by exceptions, which being passed on by the court will leave the whole matter ready for a final decree.

The decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.