(January 22, 1910.)

# HENRY DUNN, Respondent, v. WILLIAM G. STUFFLE-BEAM, Appellant.

### [106 Pac. 1129.]

COJUDGMENT DEBTOR—PAYMENT OF JUDGMENT BY ONE—CONTRIBUTION FROM OTHER—NOTICE OF MOTION FOR—PLEADINGS—CASE MADE BY—SURPLUSAGE—WHAT RELIEF MAY BE GRANTED—ADDITIONAL RELIEF—SECTION 4499.

1. Sec. 4499, Rev. Codes, provides for contribution between joint judgment debtors; it affords additional relief to the joint judgment debtor who may pay more than his proportionate share of the judgment, and provides that a person so paying or contributing more than his share is entitled to the benefit of the judgment to enforce contribution or repayment, if within ten days after the payment he file with the clerk of the court where the judgment is rendered a notice of his payment and claim to contribution or repayment, and that upon the filing of such notice the clerk must make an entry thereof in the margin of the docket.

2. When application is made to the court for an order directing an execution to issue, the court may enter an order directing an execution to issue; but the court has no authority to enter a judgment against the judgment debtor for the proportionate part of the judgment he should pay.

3. Under the provisions of sec. 4353, Rev. Codes, the court may grant any relief consistent with the case made by the complaint and embraced within the issues.

4. *Held*, that the case made by the complaint in this action was for judgment against the defendant Stufflebeam for one-half of the amount paid by his codefendant Dunn in satisfaction of the Lindsay judgment.

5. *Held*, that the trial court did not, under the provisions of sec. 4499, have authority to enter judgment in the proceedings thereunder and that it did not attempt to do so.

6. The provisions of said sec. 4499 for contribution give additional relief, and are cumulative in that they give the party paying the benefit of the judgment to enforce contribution, and on compliance with such provisions he may have execution to enforce payment of the porportionate part of the judgment indebtedness from his codefendant.

7. Proceedings under that section will not bar an action to recover judgment against a joint judgment debtor who has failed to pay

his proportionate share of the judgment, where the party entitled thereto has failed to compel his codefendant to pay his proportionate share of the judgment under the provisions of said section.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Alfred Budge, Presiding Judge.

Action for contribution by one joint judgment debtor against another for his proportionate share of the judgment. Judgment for plaintiff. *Affirmed.*

John W. Jones, for Appellant.

''An action to recover the amount of a judgment, with interest, in which a summons is issued and served as on a money demand, is an action on a judgment and not to revive it.'' (*Mawhinney v. Doane,* 40 Kan. 681, 20 Pac. 488.) The plaintiff and respondent has declared upon the judgment of October 24, 1901, and not upon the original demand. (*Anderson v. Mayers,* 50 Cal. 525; *Krower v. Reynolds,* 99 N. Y. 245, 1 N. E. 775.)

The respondent having brought an action at law upon a judgment against the appellant, the authorities are many and uniform to the effect that the defendant may interpose any defense to the action which shows that the court which rendered the judgment was without jurisdiction of the person of the defendant or the subject matter of the action, or any defense showing that such judgment is illegal and void.

Want of jurisdiction may be shown in action on judgment, where the record recites the jurisdictional facts, as well as where the record is silent. (*Rape v. Heaton,* 9 Wis. 328, 76 Am. Dec. 269; 23 Cyc. 1512.)

A direct action at law could have been brought by Dunn against Stufflebeam at any time after he had paid more than his proportion of the judgment. He, however, sought to proceed under sec. 4499, and upon whether or not he complied with all its terms and conditions depends the validity of said judgment for contribution and his right to recover here.

Where proceedings are statutory, the course pointed out by the statute must be strictly pursued. (*Davis v. Heimbach,* 75 Cal. 261, 17 Pac. 199; *Clark v. Austin,* 96 Cal. 283, 31 Pac. 293.)

Sec. 709, Code Civ. Proc. of California, construed in the latter case is identical with sec. 4499, Code Civ. Proc. of Idaho.

Hansbrough & Gagon, for Respondent.

The court having had jurisdiction of the parties and the subject matter of action by notice and also by defendant appellant's appearance, it is conclusive against him. (23 Cyc. 1215 and cases cited; *Carpentier v. City of Oakland,* 30 Cal. 440.)

SULLIVAN, C. J.—This is an action to obtain a judgment for contribution from plaintiff's joint judgment debtor. It appears from the record that John Lindsay, as guardian of Charles, Belle and Ella Burgess, minors, on May 15, 1901, obtained judgment for the sum of $6,709.85, in the district court of Bingham county, against Dunn, the respondent, and Stufflebeam, the appellant, jointly, as defendants, on a certain surety bond of one Charles Bunting, who was at one time guardian of said minors and who defaulted. Thereafter the plaintiff paid said judgment as follows:

Between May 16, 1897, and Dec. 7, 1899...$  950.15
On June 17, 1901...................... 3,730.05
On October 9, 1901.................... 3,085.45

Making a total of...................... 7,785.65
Less  ................................   50.00

Paid by Stufflebeam, leaving the total as
    paid by the plaintiff................ 7,735.65

One-half of which is...................$3,867.82

It appears from the complaint that the plaintiff, Dunn, after paying said judgment in full, undertook under the pro-

visions of sec. 4499, Rev. Codes, to compel his cosurety and cojudgment debtor to contribute his one-half toward the payment of said sum so paid by him, and filed with the clerk of the court where said judgment was rendered notice of his payment and claim to contribution or repayment from his said codefendant; and under the provisions of said section, upon the filing of said notice, the clerk made an entry thereof in the margin of the docket. Said notice and claim was dated October 12, 1901. Thereafter, on October 15, 1901, the said Dunn filed with the clerk of said court a motion whereby he moved the court for an order directing execution to issue in his favor and against said Stufflebeam for the said sum of $3,867.82. The hearing was noticed for October 21, 1901, and notice was not served on the defendant until the 20th of October, or one day before the hearing was to take place. However, the hearing did not take place until October 24, 1901, and on that day the matter was heard and the court dismissed said proceeding as to the item of $970.15, and ordered execution against the property of the defendant Stufflebeam for the sum of $3,407.75, and in that order the court stated, among other things, as follows:

"It is further ordered that execution issue herein against the property of the defendant W. G. Stufflebeam and in favor of the defendant Henry Dunn for the sum of $3,407.75, the same having been in open court conceded and agreed to be the proportion which said Stufflebeam owes upon said judgment and being the amount hereby found and adjudged to be due from said Stufflebeam to said Dunn by way of contribution under section 4499 of the Revised Statutes aforesaid.

"Done in open district court this 24th day of October, 1901."

It appears that nothing was recovered from the defendant Stufflebeam under the execution issued in pursuance of that order, and on February 5, 1904, this action was begun. The complaint contains a detailed statement of the recovery of said judgment of May 15, 1901, the payment thereof by plaintiff Dunn, the efforts that he had made to recover one-

half thereof from his cosurety and cojudgment debtor, Stuffle-beam, under the provisions of said sec. 4499, his failure to recover anything, and prays as follows:

"Wherefore plaintiff prays that said judgment be renewed in favor of the plaintiff for the sum of $3,407.75, together with the legal rate of interest thereon from the 25th day of October, 1901, and that said judgment be declared a lien upon the property of the defendant William G. Stufflebeam, and for the costs of this action and for such other and further relief as may be just and proper."

It appears that an amended answer was filed by Stuffle-beam to said complaint, which admits the rendition of said judgment of May 15, 1901, and the payment of the same by Dunn, but denies that he (Stufflebeam) was served with a notice of said motion five days prior to the date fixed therein for the hearing, and avers that the court had no jurisdiction to make the order for the issuance of the execution under the provisions of said sec. 4499. Appellant's defense was based entirely on want of jurisdiction of the court to make the order for the issuance of execution. When this cause came on for trial, the plaintiff moved for judgment on the pleadings, and it appears that certain evidence had been taken and the following stipulation in regard thereto is contained in the record:

"It is stipulated and agreed that this evidence is taken with the understanding that should the motion for judgment on the pleadings be sustained by the court, the evidence is not to be considered, otherwise the court is to pass upon the evidence as well as upon the motion for judgment on the pleadings, and that the court may render its judgment out of term time as of term time."

And as the court sustained the motion for judgment on the pleadings, the evidence was not considered by the trial court, and judgment was entered in favor of the plaintiff in the sum of $3,407.75, with interest thereon from October 25, 1901, at the legal rate as prayed for. This appeal is from that judgment.

It appears from the record that the attorney who prepared the notice and claim for contribution did not prepare the

complaint in this case, and the attorney who prepared the complaint did not try the case, and it appears from the brief of counsel for appellant that his main contention is that this is an action to renew a judgment entered by the court on October 24, 1901, and that the court had no jurisdiction to enter a judgment on that day, for the reason that the notice of payment and claim for contribution was served on the defendant on October 20th and the hearing was noticed for October 21st, there being only one day between the service of said notice and the date set for the hearing, whereas the statute required five days' notice, and for that reason the court had no jurisdiction.

The main trouble with counsel's contention is that the court did not enter any judgment on October 24, 1901, and had no authority whatever to do so under the provisions of said sec. 4499, and did not attempt to do so. He simply ordered execution to be issued against the property of the defendant for said sum of $3,407.75 under the provisions of said sec. 4499. Only one judgment is referred to in the complaint in this action, and only one judgment is involved in this case, and that is the judgment rendered on May 15, 1901, in the case of Lindsay, guardian, against Dunn and Stufflebeam as sureties, on the Bunting guardianship bond. While the complaint prays that said judgment be renewed, it only prays for a judgment for $3,407.75 instead of for $3,867.82, one-half of the amount paid by Dunn in satisfaction of said judgment. Strip the complaint of its surplusage and it is nothing more or less than an action by the plaintiff, Dunn, to recover from his cosurety and cojudgment debtor one-half of the amount paid by him in satisfaction of the Lindsay judgment. He no doubt would have been entitled to recover one-half of the amount paid by him in satisfaction of that judgment had he asked for it in his complaint, but he only prays for $3,407.75, $460.07 less than one-half of the amount paid by him. The case made by the complaint was for judgment against the defendant for one-half of the amount paid by Dunn in satisfaction of the judgment in the Lindsay case.

Sec. 4353 provides as follows:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

The case made by the complaint embraced within the issue was the right of the plaintiff to recover from his judgment debtor one-half of the amount paid by him·in satisfaction of the Lindsay judgment against them. As the defendant admitted in his answer that the plaintiff had paid said judgment, the court did not err in entering judgment against him. There seems to have been some confusion in the minds of the attorneys as to the nature and character of this action, but on recurring to the issues made by the complaint, leaving out the surplusage contained therein, the action is for a recovery against Stufflebeam of his one-half of the Lindsay judgment, and it does not matter whether notice of payment and claim for contribution was ever made or served, and the allegations contained in the complaint in regard to that matter are surplusage.

As above stated, under the provisions of sec. 4499, the court had no authority to enter judgment, and it did not attempt to do so, and even though the attorneys and the court may have misapprehended the case made by the complaint and the court arrives at a correct judgment of the case made by the complaint and answer and embraced within the issues, as shown by the record, the judgment will not be reversed on appeal. Counsel for appellant admits in his brief that the statutory provisions for contribution as found in sec. 4499 are cumulative in providing additional relief whereby a joint judgment debtor may have the benefit of the judgment against his joint judgment debtor where he has paid more than his proportion of the·judgment indebtedness. Counsel is certainly right in that admission, but it does not necessarily follow that where one undertakes to enforce a claim under the provisions of that section and fails, he may not bring an action to recover judgment for contribution against his cojudgment debtor. That is what

was done in this case. Dunn failed to compel Stufflebeam to pay his share of his indebtedness under the provisions of sec. 4499, and thereafter brought this action against him to keep his claim alive and enforce payment from his joint judgment debtor.

The judgment must be affirmed and it is so ordered, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.


## ON PETITION FOR REHEARING.

STEWART, J.—A petition for a rehearing has been filed in this case, in which counsel for appellant urges that the opinion of this court, in holding that the action was for contribution, denies him the right to make a defense to such action, for the reason that the action was tried in the lower court upon the theory that it was an action founded upon a judgment, or to renew a judgment under the provisions of sec. 4499 of the Rev. Codes.

An examination of the appellant's answer discloses that the only defense plead was that the respondent did not comply with the provisions of the statute, and because of such fact the court had no jurisdiction to render judgment against the appellant. Even if it be conceded that the action was for the purpose of having the judgment docketed in the name of the respondent, who had paid the same, still the appellant could have defended upon the ground that the respondent did not pay such judgment, or that the appellant had subsequently paid the respondent his proportionate share thereof, or any other defense which would defeat respondent's right to have a judgment against appellant.

Counsel now contends in his petition for rehearing that the respondent paid the judgment out of money received by him from the Bunting estate. If so, the appellant could have urged such facts as a defense in the lower court. This matter was not *res adjudicata*, because it occurred, if at all, subsequent to the entry of the original judgment.

So far as the record in this case shows, it does not appear that the appellant had any defense either to the action as it was treated in the district court or for contribution as determined by this court. If the appellant had no defense, the trial court committed no error in rendering judgment for the respondent, and if the appellant had a defense, it was his duty to have plead such defense. The petition for a rehearing is *denied.*

Sullivan, C. J., and Ailshie, J., concur.