J. C. HOTHAM, *Appellant*, v. E. H. BERRY, *Appellee.*
No. 16,368.

SYLLABUS BY THE COURT.

1. SURETYSHIP—*Contribution—Payment of Debt Before Maturity.* Where two persons become sureties upon a promissory note, and one of them pays the note two days before maturity, the principal having been for some time and being then and for some time afterward unable to pay, such premature payment will not of itself relieve the other surety from contribution.

2. ——— *Payment by Another—Money Furnished by Plaintiff.* In such a case, where one of the sureties furnishes the money to pay the note and intrusts it to another, to be used for that purpose, and such other for his own purposes obtains the check of a third person in exchange for the money received from the surety, and with such check pays the note, such payment will not, because made in that manner, release the other surety from contribution.

Appeal from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed May 7, 1910. Reversed.

*James W. Orr, W. P. Waggener,* and *J. M. Challiss,* for the appellant.

*J. L. Berry,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Atchison county, by the appellant, to compel contribution from the appellee for money paid by the appellant in the discharge of promissory notes upon which they were cosureties. The plaintiff was not satisfied with the judgment of the district court and appeals. The case was tried upon the written statements of the witnesses, and the same testimony is presented here. The notes were executed by J. W. Buis, as principal, to George Storch, as payee, and by J. C. Hotham and E. H. Berry, the parties hereto, as sureties. There were four notes, all dated March 30, 1903. One, for $200, was payable four months after date; another, for $200, was payable six months after date; the other two, one for $334.70 and one for $65.30, were each payable nine months after date. The last-named note was payable to Oscar Lips, as payee, instead of George Storch.

About the time the first note became due, the principal being unable to pay it, the plaintiff furnished the money with which it was paid. It is claimed that the payment was made two days before it became due, and the district court so found, and upon this finding held that it was a payment before default by the principal and operated as a release of the cosurety from contribution.

As we understand the law of contribution, it is founded upon the rules of equity. Cosureties have, under these rules, been held to share the burdens of the obligation equally, except where the rule of equality has for some substantial reason been broken. No mere technical legal rule should be permitted to override the rules of justice and fairness which have always been recognized as existing between sureties. Under the circumstances, we think the time of payment immaterial. It was evident some time before the payment

by the plaintiff that Buis, the principal, would be unable to pay the note at maturity. It was apparent that nobody's rights could be injuriously affected by payment two days before maturity, and it has been since shown that no harm was done by this premature payment. It would have been a vain and useless thing for the plaintiff to have waited until the expiration of the two days upon the possibility that the principal, who was known to be hopelessly unable to pay, might not make default. The law does not require the performance of a vain and useless act. Berry, the cosurety, lost nothing by the plaintiff's prompt action. Why the defendant should be released from the performance of his obligation to pay his proportion of this joint liability we are unable to see. No reason has been suggested. It seems to us to be a case where a naked technical rule of law is invoked to avoid the performance of a just and equitable duty. No fair and reasonable excuse has been stated for this refusal to pay.

We also think that the plaintiff ought to be credited with the payment of the last two notes. While the check of the DeKalb Telephone Company was actually used to make the payment, it was simply the form which the money furnished by the plaintiff had reached by exchange. The check was by every reasonable intendment the property of the plaintiff, and the mere fact that the money while on its way from the hands of the plaintiff to Storch had become transferred into this check does not change the real; substantial fact that the plaintiff's money paid the notes. The telephone company was under no obligation to pay these notes, and the check was issued by it because of the benefit it had received from the money furnished by the plaintiff. The money of the plaintiff in this roundabout manner paid the debt of the defendant. It seems that under the equitable considerations by which the relations between sureties are supposed to be con-

trolled no just reason exists for the technical distinction drawn by the defendant between direct payment by the plaintiff, made personally, and payment by another for him with a check obtained with his money from a third person. The fact remains that the debt was paid, and that the plaintiff furnished the money by which it was extinguished.

The defendant does not seem to have any just cause of complaint because the plaintiff did not personally pay Storch with cash out of his own hand. It does not seem just that this whole burden should be borne by the plaintiff and that the defendant should escape from the performance of his fair and just portion thereof. It has been said that one surety can not require contribution from another until the debt has been actually paid, and yet, as a general rule, one cosurety may enforce contribution from another without having paid anything, if by some arrangement with the creditor he has assumed and satisfied the debt of his principal. In this way equity regards the substance of the transaction and ignores its form. (1 Brandt Sur. & Guar., 2d ed., § 254.)

The conclusions here reached will make it unnecessary to consider other questions discussed by counsel. The judgment of the district court is reversed, with direction to enter judgment in favor of the plaintiff against the defendant for an amount equal to one-half the gross sum paid by the plaintiff, less payments made to him by Buis.