(No. 5400. May 10, 1930.)

W. L. SHATTUCK, W. T. WADE, G. S. SAMSEL, L. A. HARTERT, A. J. DAY, J. W. HAYS, W. K. TUGGLE and J. D. KENNEDY, Respondents, v. J. D. ELLIS, Appellant.

[288 Pac. 162.]

E. A. Owen and B. H. Miller, for Appellant.

O. A. Johannesen, for Respondents.

VARIAN, J.—This is an action for contribution. On June 6, 1921, the eight plaintiffs and the defendant, as sureties, executed a depository bond to the city of Idaho Falls, Idaho, each obligating himself in the penal sum of $10,000, to the general effect that The State Bank of Idaho Falls, principal, would safely keep, etc., all moneys of said city deposited by the treasurer thereof. The bank ceased to do business on November 23, 1921, at which time over $20,000 was owing from it to said city on account of deposits and interest covered by said bond. On January 16, 1922, the city of Idaho Falls notified each surety that the balance due under said depository bond was $20,147.17, and that demand for reimbursement would be made February 1, 1922. Under date of May 3, 1922, the nine sureties on the bond, including appellant, executed their joint and several promissory note to Walker Brothers Bankers, of Salt Lake

City, for $10,000, which sum was paid to the city of Idaho Falls on May 10, 1922, on account. On September 21, 1922, the city notified each of the nine sureties in writing that the balance due as of September 25, 1922, was $11,-184.92, and that "If this amount is not paid on or before September 28, 1922, it will become the duty of the City of Idaho Falls to begin legal action against each and every one of the signers of this depository bond to enforce the collection of the same."

On September 26, 1922, the nine sureties, including defendant, executed their joint and several promissory note to the American National Bank, of Idaho Falls, for $7,500, which was paid to the city with other moneys paid by the parties, and the obligation of the bond fully discharged. The note to Walker Brothers Bankers for $10,000 was paid partly in cash and partly by a joint and several note in renewal, dated November 27, 1923, for the principal sum of $8,000, due ninety days after date and signed by all nine of said sureties, including defendant. The note to the American National Bank of Idaho Falls, being past due, was renewed by two separate notes to said bank, for the principal sum of $3,750 each, falling due on May 3, 1924, and each signed by all nine of the sureties, including the defendant. When the last three (renewal) notes fell due, payment was demanded by the respective banks, and the eight plaintiffs, joint and several makers thereof with the defendant, paid off and discharged the same. Defendant refused to pay his proportion of the indebtedness evidenced by said notes, and plaintiffs brought this action for contribution, alleging that one-ninth ($2,388.35) of the indebtedness paid by them was due from defendant. Defendant admits paying something on account of principal and interest prior to the execution of the ·said three renewal notes. Defendant, in his answer, admitted the execution of the three notes and their payment by plaintiffs at maturity, and alleged that he was an accommodation maker and not liable for contribution; that plaintiffs paid the same voluntarily, without compulsion; and, as a further defense, that defendant never received

any consideration for signing the notes in question; that the money borrowed thereon was borrowed by the plaintiffs as officers and stockholders of the State Bank of Idaho Falls for the purpose of paying off the indebtedness existing from said bank to the city of Idaho Falls. The cause was tried to a jury, and resulted in a verdict for plaintiffs for said sum of $2,388.35. Defendant appeals from the judgment entered thereon.

Appellant's principal contention is that the several causes of action set forth in the amended complaint allege, and the evidence discloses, that the notes referred to were paid on demand, at maturity, voluntarily by the plaintiffs, who are therefore not entitled to contribution; that before plaintiffs are entitled to contribution, they must allege and prove that the notes have been reduced to judgment and execution issued thereon, etc.

Contribution has been defined as:

"When there are two or more parties bound in the same degree by a common burden, equity demands, as between themselves, that each shall discharge a proportionate share, and when one of such parties has actually paid or satisfied more than his fair share of the burden, he is entitled to a contribution from each and all of the others similarly bound, in order to reimburse him for the excess paid over his share, and thus to equalize their common burden." (5 Pomeroy's Equity Jurisprudence, 4th ed., sec. 2338, p. 5169.)

And while the right was originally exclusively cognizant by courts of equity, the principle was later enforced in the courts of law. In equity, the right is not based upon contract, but upon the principle that the law demands equality, which is equity; on the other hand, the law courts have enforced the right upon the doctrine of implied contract. (5 Pomeroy's Equity Jurisprudence, 4th ed., sec. 2338, pp. 5169, 5170; 13 C. J., p. 821 et seq.; *Waters v. Waters,* 110 Conn. 342, 148 Atl. 326.)

"To entitle one to contribution, the payment must be compulsory in the sense that the party paying was under legal obligation to pay." (13 C. J., pp. 823, 824.)

But it is not necessary, in order to entitle one to contribution, that a suit should have been commenced, or judgment rendered, against the one making payment, provided there is an actual liability to pay. (5 Pomeroy's Equity Jurisprudence, 4th ed., sec. 2340, pp. 5176, 5177; 13 C. J., p. 824; *Pixley v. Gould*, 13 Ill. App. 565; *A. Guckenheimer & Bros. Co. v. Kann*, 243 Pa. St. 75, 89 Atl. 807; *Hotham v. Berry*, 82 Kan. 412, 108 Pac. 801; *Waters v. Waters, supra.* See *Wright v. Rumph*, 238 Fed. 138, 151 C. C. A. 214.)

 C. S., sec. 6940, cited by appellant, has no application to the facts of the present case. That section provides for contribution where one of several judgment debtors satisfies a judgment voluntarily, or through execution against his property; or, where there is a several judgment upon the obligation of one of the judgment debtors, as surety for another, and the surety pays the amount voluntarily before execution sale, or by such sale of his property, the person so paying is entitled to the benefit of the judgment to enforce contribution, provided within ten days after making such payment he file with the clerk of the court in which the judgment was rendered, a notice of his payment and claim to contribution. When such filing is made, the clerk must enter the same on the margin of the judgment docket. Clearly, the purpose of this statute is to permit one of several judgment debtors, bound by the same judgment, who pays the judgment, to enforce contribution against his cojudgment debtors without resorting to another action. The provisions of this section are not exclusive, however, but cumulative, as to the right to contribution between judgment debtors. (*Dunn v. Stufflebeam*, 17 Ida. 559, 106 Pac. 1129.)

 The record shows that some, if not all, of the plaintiffs were stockholders of the defunct The State Bank of Idaho Falls at the times when the depository bond and notes were executed. Defendant was neither. Appellant contends that there was therefore no liability upon him to defray any obligation of the bank, and that he is not liable in contribution in the absence of any showing that he received a good or valuable consideration for signing the notes

involved in this action. We think this contention is answered by the facts. Defendant was liable with the plaintiffs on the depository bond; that liability on the bond was in itself a sufficient consideration for these notes. Appellant evidently considered there was a liability on the bond because he contributed to the payment of cash paid on account of the city's claim, and signed the original, as well as renewal, notes. Furthermore, the defense of want of consideration was fairly presented in the instructions of the trial judge to the jury, and the verdict was against defendant. There is sufficient evidence to sustain the verdict, and, under the rule, we will not disturb it.

Appellant also urges that, so far as the notes here are concerned, he was an accommodation maker, which was known to all the plaintiffs. The question as to whether defendant was an accommodation maker or not was fairly submitted to the jury, who, by their verdict, found contrary to the contention now urged. On this point, also, there is ample evidence to sustain the verdict.

Appellant contends that plaintiffs were stockholders or officers of the defunct The State Bank of Idaho Falls, against whom the obligation arose, and that, as officers and stockholders, plaintiffs were primarily liable for the obligation that was paid off with the money borrowed on the promissory notes mentioned in the complaint. Defendant neither alleged nor proved that there was any money due said bank from either of the plaintiffs on account of unpaid stock subscriptions. This is the extent of a stockholder's liability to the creditors of the corporation for its unpaid debts. (C. S., sec. 4728. See 6 Fletcher's Cyclopedia of Corporations, sec. 4137; 14 C. J., p. 949.) It is true that C. S., sec. 5247 attempted to impose a liability for the corporate debts upon stockholders of banks and trust companies, in addition to their unpaid stock subscriptions, but this court held said section to be in contravention of section 17, article 11, of the state Constitution, and declined to grant any relief thereunder. (*Fralick v. Guyer*, 36 Ida. 648, 213 Pac. 337.)

We have examined the record carefully, and find no error in the instructions given, nor in the action of the court in refusing certain instructions offered by the defendant.

Judgment affirmed. Costs to respondents.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.